---

## Ex Parte WARE.

### [APPLICATION FOR MANDAMUS.]

1. *Action against partner; how may be revived.*—An action may be brought against one member of a partnership firm, on a contract made by the firm. In such an action, on the death of the defendant, the same survives against the personal representative of the deceased, and may be revived in the name of such representative as defendant.

2. *Mandamus; when will lie to compel court to make order of revival.*—If the court, on plaintiff's motion, refuses to make the proper order to revive such action, in the name of the personal representative of the deceased defendant, after a *sicere faicas* has been duly served on him, for that purpose, a mandamus will be issued to require the court to make such order.

This is an application for mandamus. The petitioner, at the spring term of the circuit court of Russell county, 1866, commenced an action of assumpsit against Benjamin Fontaine, to recover the sum of five hundred dollars, for

money had and received by said Fontaine, and one William Hughes, as partners under the name and style of Fontaine & Hughes.

The summons was served on the defendant, said Fontaine, and he appeared and pleaded payment. Afterwards, at the fall term of said court, 1870, the death of defendant was suggested, and an order made by the court to revive the suit against the personal representatives of said deceased, when known, and that a *scire facias* issue, &c. A *scire facias* was, accordingly, issued on the 29th day of May, 1871, and was served on James H. Shorter, the administrator of deceased, to appear at the next term of said court, and to show cause why said cause should not be revived, and he, as administrator, &c., made a party defendant, in the place and stead of said deceased. At the fall term, 1871, Shorter, the administrator, appeared, and the petitioner moved the court to make said Shorter, as administrator, &c., a party defendant, and that the suit be revived in his name, &c.

Shorter objected, on the ground that the action was founded on a contract made by deceased and said Hughes, as partners; that said Hughes was alive, and that the claim was against the partnership, and not against the deceased as an individual, &c.

The court sustained the said objection, overruled the petitioner's motion, and refused to make said Shorter, as administrator of said deceased, a party defendant, and ruled that said action could not be revived in the name of the personal representative of deceased.

The petitioner prays for a writ of mandamus, to the judge of said circuit court, requiring him to make an order reviving said action against said Shorter, as the administrator of said deceased, &c., or that he show cause why he refuses to do so.

McDONALD, for petitioner.
No appearance, *contra*.

PECK, C. J.—It is very clear that an action may be

brought against one partner, on a contract made by the firm, (§ 2538, Revised Code,) and it is equally clear that on the death of the defendant, in such a case, the action may be revived against his personal representative, (§ 2555, Revised Code.)

Section 2542, Revised Code, declares that " no action abates by the death, or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within eighteen months thereafter, be revived in the name of, or against, the legal representative of the deceased, his successor or party in interest." After such revivor, no judgment may be rendered against such legal representative until after eighteen months from the grant of letters testamentary or of administration.—§ 2544, Revised Code.

The circuit court should have granted the petitioner's motion, and ordered the said action to be revived in the name of said Shorter, the administrator of said deceased, as defendant.

The refusal of said court to do this is an injury to said petitioner, for which we know of no adequate remedy but the writ of mandamus. The writ of mandamus lies whenever a party shows a clear legal right, without any other legal remedy for its enforcement.—Shepherd's Dig. p. 696, and the cases there cited.

Let a rule issue, directed to the circuit court of Russell county, to be served on the judge presiding in said court, commanding him, on the motion of the plaintiff in said action, or his attorney, to make an order reviving the same, in the name of the legal representative of said Benjamin Fontaine, deceased, or that he show cause, at the next term of this court, on Thursday, the motion day of the fifth division of this court, why he has not done so.