# Reynolds *v.* Crook.

*Mandamus to Chancellor, in matter of Revivor.*

1. *Filing claims against decedent's estate in equity, under order of court; revivor of claim; mandamus.*—When the administration of a decedent's estate has been removed into equity, under bill filed by the administrator, and that court has made an order requiring creditors to file their claims within a specified time; if a creditor's claim is filed, proved, reported valid by the register under a reference, and his report confirmed without objection; and the creditor then moves to set aside the order requiring claims to be filed, but dies before his motion is acted on, and before formal decree has been entered allowing his claim, his personal representative, or the succeeding administrator *de bonis non* of the estate which he represented, may intervene by motion or petition, for the purpose of prosecuting the claim and the pending motion to a final determination; and if his motion or petition is overruled and refused, this court will award a *mandamus* to compel its allowance.

2. *Revivor of judgment against decedent.*—Under statutory provisions, a judgment recovered against the decedent in his life-time can not be revived or enforced against his administrator except by suit (Code, § 2880); but, when the judgment has been filed as a claim against the decedent's estate, under an order of court made in a pending chancery suit, and the creditor dies before its final determination, the right of revivor is secured to his personal representative by other statutory provisions (§§ 2265, 2603), and the former statute does not apply.

From the Chancery Court of Talladega.

Heard before the Hon. S. K. McSpadden.

In the matter of the estate of Edward Gantt, deceased, the administration and settlement of which was removed into the Chancery Court, under a bill filed by the administrator, May 28th, 1878. On the 17th February, 1881, the court made a decretal order assuming jurisdiction of the estate, and ordering a transfer of the papers from the Probate Court; and another order was made, at the instance of the administrator, on the 21st April, 1886, requiring creditors to file their claims

[Reynolds v. Crook.]

against the estate with the register within 120 days. A claim was filed, but at that time the record does not show, by Mrs. Hannah E. Reynolds, as administratrix of the estate of Walker Reynolds, deceased; which claim consisted of the record of a judgment which said Walker Reynolds had recovered against said Edward Gantt in October, 1867. This transcript was afterwards withdrawn, but seems to have been again filed. On the 9th August, 1886, before the expiration of the 120 days, Mrs. Reynolds filed a petition to set aside the order requiring creditors to file their claims, on the ground that it was unadvisedly made, and she desired to prosecute an action at law which she had instituted on the judgment. The cause was submitted on this motion, October 19th, 1886, but the record does not show that the motion was ever acted on. (The transcript, however, does not purport to be complete, but is made up by agreement of selected portions.) On the 30th December, 1886, the register made his report under the order of reference, and reported that the claim of Mrs. Reynolds, "there being no objection, was proved and allowed for," principal and interest, $3,356.18. Objections were filed, however, to the register's report on the claim of the administrator for services rendered; and a re-reference being ordered as to that matter, the entire report was confirmed. In March, 1891, the death of Mrs. Hannah E. Reynolds was suggested, and leave was granted to O. M. Reynolds as her administrator, and also as administrator *de bonis non* of Walker Reynolds, deceased, "to be made a party complainant in this cause as such administrator." On the 28th September, 1891, O. M. Reynolds, as administrator, submitted a motion "that the order or decree allowing the claim of the estate of said Walker Reynolds against the estate of said Edward Gantt, which was made by the register on, to-wit, the 30th December, 1886, and confirmed by this court on, to-wit, the 5th day of October, 1887, be revived in his name and favor, as administrator *de bonis non* of the estate of said Walker Reynolds." The court overruled and refused this motion, and said Reynolds appealed from the order, assigning it as error; and motion being made to dismiss the appeal, he asked a *mandamus*, in the alternative, to compel the allowance of his motion.

JNO. M. CHILTON, for appellant and petitioner.—(1.) When the administration and settlement of a decedent's estate has been removed into the Chancery Court, that court proceeds according to its own practice.—*Hall v. Wilson*, 14 Ala. 295

[Reynolds v. Crook.]

*Taliaferro v. Brown,* 11 Ala. 702. An order requiring creditors to file and prove their claims may not have been necessary or proper, but it was made without objection, and creditors availed themselves of it. If it was improperly granted, it was a mere irregularity, and not available on collateral attack, especially where the parties in court did not object to it.—2 Brick. Digest, 158, § 20 ; *Cox v. Davis,* 17 Ala. 714 ; *Nunn v. Nunn,* 66 Ala. 35 ; *Thompson v. Lea,* 28 Ala. 453. When creditors are required to come in and prove their claims, as in this case, any creditor, or any party to the suit, may contest the validity of the claim of any other creditor.—2 Dan. Ch. Pl. & Pr. 1172 ; 2 Smith's Ch. Pr. 548 ; 1 Story's Equity, § 548 ; *Owen v. Dickinson,* 1 Cr. & Ph. 48, 56. Having this right, and not having exercised it, they are concluded by the decree.—3 Brick. Digest, 580, § 75; 70 Ala. 432. Parties who have a right to be heard before the register, and who fail to except to his rulings or action, can not afterwards call his report in question. *Nunn v. Nunn,* 76 Ala. 35 ; *Waldrop v. Carnes,* 62 Ala. 374 ; *Davenport v. Bartlett & Waring,* 9 Ala. 179 ; *Gerald v. Miller,* 21 Ala. 433. It would work the greatest injustice to creditors who have filed and proved their claims under the order of the court, to permit the validity of their claims now to be questioned, since the 120 days have expired, and the statute of limitations may bar an action at law. As matter of fact, the judgment in favor of Walker Reynolds was rendered more than twenty years ago. (2.) The claim was allowed by the register, and his report was confirmed ; and this was a judicial determination of its validity, without a formal decree, or the award of execution.—*Colt v. Barnes,* 64 Ala. 108; *Weaver v. Cooper,* 73 Ala. 318 ; *Hastie v. Aiken,* 67 Ala. 313 ; 3 Brick. Digest, 34, § 12. (3.) The recitals of the record show that Mrs. Hannah Reynolds, as administratrix, was made a party, and it is immaterial that this was improperly done. (4.) This is not an attempt to revive a judgment. The judgment has been filed, under the order of the court, as a claim against the decedent's estate, and, since the death of the administratrix, there is no one to prosecute it. The general statute gives the right to revive.—Code, § 2603 ; Rule of Chancery Practice, No. 102. (5.) That an appeal lies in this case, see *Savannah v. Jessup,* 106 U. S. 563; *South Carolina v. Railroad Co.,* 8 S. C. 129. If an appeal is not the proper remedy, appellant prays for a *mandamus.*—*Moore v. Randolph,* 52 Ala. 530; 3 Brick. Digest, 627, § 39.

[Reynolds v. Crook.]

BISHOP & WHITSON, and with them WATTS & SON, *contra.*
(1.) The bill was filed by the administrator for the purpose
of obtaining the directions of the court as to the construc-
tion of the decedent's will, to determine what part of the
property devised should be first subjected to the payment
of debts and expenses. Creditors were not interested in
the questions involved, and they were not made parties.
The order requiring creditors to file and prove their claims
was proper and necessary to enable the court to ascertain
how much of the property must be sold or retained by the
administrator, before making partial distribution among the
legatees and devisees; but their claims were not adjudicated.
*Clay's Adm'r v. Gurley*, 62 Ala. 14; *Byrd v. Jones*, 84 Ala.
339; *Phillips v. Smith*, 62 Ala. 575.    (2.) The administratrix
of Walker Reynolds never was a party to the suit, and the
court could not make her a party.—*Renfro Bros. v. Goetter,
Weil & Co.*, 78 Ala. 311; *Flournoy v. Harper*, 81 Ala. 499;
*Cowles v. Andrews*, 39 Ala. 129; *Gay, Hardie & Co. v. Brier-
field Coal & Iron Co*, 94 Ala. 303; *Ex parte Printup*, 87 Ala.
149.    Having proved and filed her claim as a creditor, Mrs.
Hannah Reynolds had a standing in court to object to any
other claim against the estate, and to that extent only she
was recognized as a party.—54 Ala. 8; 62 Ala. 575.    (3.) No
decree was rendered in favor of Mrs. Hannah Reynolds as
administratrix; and if a decree had been rendered, it could
not be revived in favor of her successor in the administra-
tion; nor could the judgment against the decedent be
revived, except by action at law.—Code, § 2280; *May v. Par-
ham*, 68 Ala. 256.    If the allowance of the claim of Mrs.
Reynolds as administratrix can be regarded as a judgment
against Gantt's estate, it can not be revived against a suc-
ceeding administrator.—*Bobo v. Gunnels*, 92 Ala. 602.    (4.)
Under the pleadings in this case, a judgment could not have
been rendered in favor of Mrs. Reynolds as administratrix.
*Scott v. Ware*, 64 Ala. 181.

COLEMAN, J.—The original bill in this case was filed
by Jno. T. Heflin, administrator of Edward Gantt, deceased.
Among other things the bill prayed "that the Chancery
Court would assume jurisdiction and control of the settle-
ment of the estate, and by appropriate orders remove the
same from the Probate Court of Talladega county to the
Chancery Court." At the February term, 1881, it was
ordered and decreed, "that this court hereby assume and
take jurisdiction of the further administration of the estate
of Edward Gantt, deceased, and that the jurisdiction and

[Reynolds v. Crook.]

control of the Probate Court of Talladega county over the same be and is hereby *dissolved* out of said court, and is invested in this court." The decree then proceeds to make provision for a transfer of the orders and proceedings had in the Probate Court to the Chancery Court.

On the 21st day of April, 1886, among other things, the Chancery Court made and entered a decree, that the register give notice to the creditors of Edward Gantt, "requiring them to present their claims against said estate to the register of this court, and file the same with the said register, duly sworn to as directed by law, within 120 days of the adjournment of this court, or said claims will be forever barred." In pursuance of this order, Hannah Reynolds, as administratrix of the estate of Walker Reynolds deceased, filed and probated a claim against the estate of Edward Gantt, which amounted to $3.658.18. Various other claims were filed and probated not involved in the question under consideration.

Under a reference ordered by the court to report upon claims, that of Hannah Reynolds, administratrix, was reported by the register as a valid claim. No exceptions were filed to this claim, although there were various exceptions filed against the report of the register upon other claims. In September, 1887, it was ordered and decreed, "that the register's report be, and the same is hereby, in all things confirmed." No other decree was rendered adjudicating and declaring the validity and amount of the claims allowed and reported by the register, further than the order of confirmation which we have quoted.

After filing the claim due the estate of Walker Reynolds, deceased, and before the report of the register on claims was made, Hannah Reynolds, as administratrix, on the 19th of October, 1886, appeared, and "moved the court to vacate the order of the court requiring the creditors to file their claims in this court." It seems that this motion was submitted for decree, but we have been unable to find any disposition of it. It is still pending and undisposed of, so far as appears from the record. At the March term, 1891, the following order was made: "Came on this, the 23d day of March, 1881, the parties by their solicitors, and the death of Hannah E. Reynolds, administratrix of the estate of Walker Reynolds, deceased, one of the complainants in this cause, is suggested, and now comes O. M. Reynolds, administrator of the estate of Walker Reynolds, deceased, and administrator of the estate of Hannah E. Reynolds, administratrix, deceased, and on his motion leave is granted him to

[Reynolds v. Crook.]

be made a party complainant as such administrator in this cause." On the 28th of September, 1891, O. M. Reynolds, administrator *de bonis non* of the estate of Walker Reynolds, deceased, moved the court "that the order or decree allowing the claim of the estate of said Walker Reynolds against the estate of said Edward Gantt for $3,658.18, which was made by the register on, to-wit, the 30th day of December, 1886, and confirmed by this court on, to-wit, the 5th day of October, 1887, be revived in his name and favor as administrator *de bonis non* of the estate of the said Walker Reynolds." This motion was overruled by the court. The movant appeals from the decree of the court overruling and denying the motion to revive; and if an appeal is not the appropriate remedy, movant applies in the alternative for a writ of *mandamus,* to compel the court to grant the motion.

The record is very voluminous, but we have cited all that is necessary for a proper consideration of the question presented. In his return to a rule *nisi,* the chancellor states, 1st, that Hannah Reynolds, as administratrix of Walker Reynolds, was never a party to the chancery suit; 2d, O. M. Reynolds, as administrator of Walker Reynolds, is not a proper party complainant in such suit, &c. ; 3d, there is no judgment or decree in favor of Hannah E. Reynolds as administratrix of Walker Reynolds, &c. There are other causes assigned by the chancellor in his return, why a peremptory *mandamus* should not issue, but we think it is unnecessary to consider them.

Whether the order of the court was proper or irregular, which required the creditors to file their claims verified, before the register, under the penalty of having them barred, upon a failure to do so, within the time specified, we need not determine. The order was made, and remains in full force, and in obedience to this order Hannah Reynolds, administratrix, filed her claim. It was reported upon by the register as a valid claim, and without exception his report was confirmed by the court.

In addition to this, Hannah Reynolds, as we have seen, moved the court to vacate the order which required the creditors to file their claims against the estate of Edward Gantt, deceased, and this motion, undetermined, is still pending before the court. If the motion is not withdrawn or waived, the party entitled to represent this claim has the right to have the motion adjudicated. Since these orders were made and proceeding had, Hannah Reynolds has died. It would be a denial of justice effected through the orders

of the court to hold, at this stage of the case, that the claim
due Walker Reynolds' estate should not be represented.
It is no answer to say that there is no formal decree upon
the confirmation of the register's report, which reported the
correctness and validity of this claim. All necessary and
preliminary proof has been taken, and the court, in its
further proceedings, may yet either set aside the report of
the register, and reject the claim, or make a formal decree,
adjudicating the validity of the claim, and ordering its pay-
ment. The proper representative of the claim should be in
court, until finally disposed of by the court. In view of the
order of the court made at the March term, 1891, and quoted
above, in which it is declared that "the death of Hannah
E. Reynolds, administratrix of the estate of Walker Reynolds,
deceased, one of the complainants in this cause, is suggested,
and now comes O. M. Reynolds, administrator of Walker
Reynolds, deceased, and adminstrator of Hannah E. Rey-
nolds, administratrix, deceased, and on his motion leave is
granted him to be made a party complainant as such admin-
istrator in this cause," we do not understand that portion
of the chancellor's return to the rule *nisi*, in which it is
stated that "Hannah E. Reynolds, as administratrix of
Walker Reynolds, was never a party to the suit in the
Chancery Court," &c. She was not one of the original par-
ties, but was a proper and necessary party to file and pros-
ecute the claim filed by her as administratrix of the estate
of Walker Reynolds, deceased. It would seem that
the record does not sustain the return of the chancellor
in this respect. So long as the interlocutory orders and
decrees in regard to the creditors of the estate of Edward
Gantt, which have been made by the Chancery Court in the
settlement and administration of the estate of Edward Gantt,
remain in force, as a matter of right, and indispensable to
its proper protection, Hannah E. Reynolds, administratrix
of the estate of Walker Reynolds, deceased, was the proper
party to represent the claim due that estate; and after her
death, O. M. Reynolds, who had been duly appointed and
qualified as administrator *de bonis non*, should succeed her
as the proper party.

We must not be understood as deciding that, when an
estate, *not insolvent*, has been removed from the Probate
Court for settlement, upon the bill filed by an administrator,
an order by the court requiring creditors to file their claims,
verified, before the register within four months, or other
specified time, not in accordance with the statutory provis-
ions, or the same will be forever barred, is a proper order,

[Reynolds v. Crook.]

or one authorized by law. Different principles may arise, when an insolvent estate is before the court for settlement; or the assets of an insolvent debtor are to be distributed among his creditors. The question is not presented at this time for consideration, and may not arise hereafter.

We will not anticipate, but refer to the following authorities, which treat of the duties and powers of the Chancery Court in the settlement of estates not insolvent: Story's Eq. Juris., §§ 543, 547; 1 Pom. Eq., § 156; *Lee v. Park*, 15 Eng. Ch. Rep. 715; *Buccle v. Atleo*, 2 Vernon, 37; *Ib.* 36; *Rush v. Higgs*, 4 Vesey, 638; *Stewart's Adm'r v. Stewart's Heirs*, 31 Ala. 207; *King v. Calhoun*, 5 Ala. 523; *Clay's Adm'r v. Gurley*, 62 Ala. 14.

The record shows that the claim of Walker Reynolds, deceased, consisted in a judgment recovered against Edward Gantt in his life-time. Code, § 2280, provides as follows: "When a judgment has been rendered against a decedent before his death, no execution can issue thereon against his personal representative, except in the case provided in section 2897 of the Code; nor can the judgment be revived against him, except by suit on the judgment."

It is contended by contestee of petitioner's motion, that under section 2280, *supra*, and the authorities of *May v. Parham*, 68 Ala. 256, and *Brown v. Newman*, 66 Ala. 271, a judgment can not be revived except in the manner provided in section 2280 of the Code. We do not understand that the purpose of petitioner's motion is to revive the judgment recovered in the Circuit Court against the estate of Edward Gantt in his life-time. Conceding that the Chancery Court had the authority to require creditors of Edward Gantt to file and probate their claims before the register, and to hear contest of the same, and to judicially allow or reject such claims, the question presented by the motion of petitioner is, whether the filing of the claim by Hannah Reynolds, administratrix, under the order of the court, was the bringing of a suit or action within the meaning of sections 2265 and 2603 of the Code. Under the former section it is provided, "When any action has been commenced by or against the personal representative of a decedent, the same may be prosecuted by or against any succeeding executor or administrator, who may on motion be made a party;" and by section 2603, "No action abates by the death or disability of the plaintiff or defendant, if the cause of action survives or continues; but the same must, on motion, . . . be revived in the name of or against the legal representative of the deceased, his successor or

37

party in interest, . . . ." &c. We are very clear these sections fully cover the case made by petitioner, and that when Hannah Reynolds, administratrix, filed her claim against the estate of Edward Gantt, deceased, as required by the order of the Chancery Court, and it was pending before that court for allowance or rejection, it was a suit or action, and that upon her death the suit might be revived on motion in the name of her successor, as provided in the statute.

We need not consider whether an appeal lies from the decree of the court allowing or rejecting a claim filed in pursuance of its own orders, as shown by the facts of the case. See *Thornton v. Highland Ave. & B. R. Co.*, 94 Ala. 353, and authorities cited. Under the view we take of the case, after the death of Hannah Reynolds, there was no one in court to represent the claim due the estate of Walker Reynolds, deceased, and consequently no one who could prosecute an appeal. The order granting leave to O. M. Reynolds to become a party complainant, without more, did not make him a party in fact.—*Ex parte Sayre*, 69 Ala. 184. It is evident from the return of the chancellor to the rule *nisi*, he does not regard O. M. Reynolds, administrator, a proper party for any purpose. The claim due the estate of Walker Reynolds is before the court. Since the death of Hannah Reynolds, administratrix, it is without a representative, and must abate, unless revived in the name of her successor. The statute provides this may be done by motion. The record shows that O. M. Reynolds, petitioner, is her duly appointed successor. He has moved the court to revive the action in his name as provided in the statute. The motion was denied by the court. He has no remedy against this error, except that furnished by the writ of *mandamus*. *Ex parte Ware*, 48 Ala. 223.

A peremptory writ will be awarded commanding him to grant the motion of petitioner.

*Mandamus* granted.