[[May, Adm'r v. Parham, Adm'r.

## May, Adm'r *v.* Parham, Adm'r.

*Bill in Equity to subject Lands Devised to the Payment of a Claim against the Testator.*

1. *Judgment against decedent; how revived.*—A judgment rendered against a decedent in his life-time is a mere cause of action against the personal representative, and is incapable of revivor otherwise than by suit at law in the ordinary form.—(Code, § 2633).

2. *Same.*—The record of such judgment having been destroyed, a substitution thereof under the statute (Code, § 555) does not amount to a revior of it.

3. *Personal estate of a decedent the primary fund for payment of debts; Equity of the heir or devisee to have it first applied.*—While lands descended or devised may, if the personal estate be deficient, be charged with the payment of the decedent's debts, yet the heir or devisee has an equity to insist on the application of the personal estate in exoneration of the lands, it being the primary fund out of which his debts should be paid. Hence, a court of equity, as a general rule, will not aid a general creditor to subject lands devised or descended, unless an original deficiency of the personal estate is shown, or it appears that the personal representative has wasted it, and that all legal remedies against him and his sureties have been exhausted, or that such remedies would be unavailing and fruitless in consequence of their insolvency.

4. *Bill to subject lands devised to payment of debts; burden on complainant to show deficiency of personal assets.*—On a bill filed by a general creditor to subject lands devised for the payment of the testator's debts, on the ground that the personal assets had been appropriated by the personal representative, and he and his sureties are insolvent, the burden of proving such insolvency is upon the creditor ; and the admission of that fact by the personal representative in his answer is not evidence against the devisees.

5. *Statute of non-claim; when may be pleaded by devisees.*—Devisees have an equal right with the personal representative to insist upon the statute of non-claim as a bar to a bill seeking to subject lands devised to them, and which have passed into their possession, to the payment of demands agains tthe testator.

6. *Statute of non-claim; when pleaded, burden of proof on creditor.*—

[May, Adm'r v. Parham, Adm'r.]

When the statute of non-claim is pleaded, the burden of proving a presentation of the claim lies on the creditor seeking its enforcement.

7.   *Same; when written acknowledgment by personal representative of presentation is evidence against- heirs or devisees.*—The written acknowledgment by the personal representative of the fact of the presentation of a claim against the decedent's estate, made before the statute creates a bar, is evidence of that fact against the heir or devisee.

8.   *Same; what is not sufficient evidence of.*—Where in a suit against the personal representative and devisees to subject lands devised to the payment of a demand against the testator, the statute of non-claim was pleaded by the devisees, and the evidence showed that the demand had been presented to the personal representative, but it was not shown, otherwise than by the admission in his answer, when he was appointed, such admission cannot be received as evidence against the devisees for the purpose of showing that the claim was presented before the completion of the bar of the statute.

APPEAL from Greene Chancery Court.

Heard before Hon. A. W. DILLARD.

On the 17th September, 1877, George W. Parham, as the administrator of the estate of John P. Parham, deceased, filed the bill in this cause against Moody H. May Jr., as the administrator, with the will annexed of Moody H. May Sr., deceased, and Eliza May and others, infants, and devisees under said will, for the purpose of subjecting lands devised to said infant defendants, and which had passed into their possession, to the payment of a judgment which the complainant, as such administrator, had recovered against the testator in his life time, but which had never been revived against his personal representative.   The bill avers, in substance, that at the April Term, 1867, the complainant, as the administrator of the estate of John P. Parham, deceased, recovered a judgment in the Circuit Court of Greene county, in this State, against William W, Thompson, John K. Turner and Moody H. May Sr., in the sum of $148.32, and that about fifteen days after the adjournment of the court an execution was regularly issued upon the judgment, and delivered to the sheriff, who thereafter returned it unsatisfied, and that *alias* and *pluries* executions were subsequently issued thereon, which were also returned unsatisfied; that on the 20th March, 1868, the court house of said county, together with the records and files of the Circuit Court, including the record of said judgment, were destroyed by fire, and at the Spring Term, 1869, "the complete record of your orator's said suit and judgment was duly and legally substituted by an order of the said court," and entered upon the records thereof; that both Thompson and Turner were, and had been since the recovery of said judgment, insolvent; that on the 16th February, 1868, Moody H. May Sr. died in the county of Greene, leaving a last will and testament, which

was duly probated, and the executor therein nominated having renounced his right to execute the will, Moody H. May Jr. was, on 12th August, 1868, duly appointed administrator of his estate, with the will annexed ; that said testator died seized and possessed of a tract of land in the bill particularly described, which by his will he devised to the infant defendants, who were his children, and who were in the possession of the land, claiming under the will ; that on the 2d October, 1869, complainant duly presented the said judgment to Moody H. May Jr., as the administrator of Moody H. May Sr., deceased, for payment, that the same was not paid by him, but still remains due and unpaid ; " that there are now no personal assets of the estate of said Moody H. May Sr., deceased, but the whole thereof which were of said estate, have been appropriated by said administrator, and the said administrator and each and all of his sureties on his bond, as such administrator, are wholly insolvent;" that on the 15th January, 1872, said administrator " made a final settlement of said estate in the Probate Court of Greene county, but did not resign his office as such administrator ;" and that he had taken no steps to have said lands sold to pay the debts of his testator.

The defendants, a guardian ad litem having been appointed for the infants, demurred to the bill, and their demurrer having been sustain, the complainant, on 29th November, 1878, amended his bill, alleging, that in the proceedings to substitute the record of his judgment, as stated in the original bill, notice of his application therefor was duly served on Thompson and Turner, and that notice was also served on Moody H. May Jr. in his individual capacity, but not in his representative capacity as administrator of Moody H. May Sr., deceased ; and that on the 8th March, 1878, since the filing of the original bill in this cause, complainant filed in said Circuit Court " an application and motion for an order to substitute and reinstate said judgment upon the records of said court ; that due and legal notice of said application and motion was served on the defendant, Moody H. May Jr., as administrator with the will annexed of Moody H. May, deceased," and that at the October Term, 1878, of said court, " the said judgment was, by an order of said court, established and substituted and entered upon the records of said court."

The administrator answered the bill, as amended, and an answer was also filed thereto on behalf of the devisees by their guardian ad litem. In his answer the administrator stated that " the estate of respondent's testator has been fully administered, and respondent and his sureties on his admin-

istration bond are *perhaps* insolvent." He also admitted that he was appointed administrator at the time stated in the bill, but denied that the judgment in favor of the complainant was ever presented to him. Among other matters set up in defense of the bill, the administrator and the devisees pleaded the statute of non-claim. Testimony was taken in the cause, but neither the insolvency of the administrator or of the sureties on his bond, nor the date of his appointment as administrator of the estate of Moody H. May Sr., deceased, is shown.

On the hearing, had on the pleadings and proof, the chancellor was of the opinion, that the complainant was entitled to relief, and caused a decree to be entered " condemning the lands specifically mentioned and set forth in the bill of complaint, for the satisfaction of the judgment and interest and costs of suit," and ordering a reference ; and this decree is here assigned as error.

E. MORGAN, for appellants.

SNEDECOR, COCKRELL & HEAD, *contra.*

(No briefs come to the hands of the reporter.)

BRICKELL, C. J.—1. The judgment against the testator at the time of his death, now sought to be charged on the lands devised, was a mere cause of action against the personal representative, incapable of revivor otherwise than by suit at law in the ordinary form.—Code of 1876, § 2633. There is no averment in the bill, that the creditor has resorted to, and prosecuted any legal remedy against the administrator with the will annexed, to establish the existence of his demand, and to enforce the payment thereof. The proceedings for the substitution of the lost or destroyed record of the judgment was not, in any proper sense, a suit on, and for the recovery of the judgment. Its whole scope and object was the re-establishment of the primary and best evidence of the record, in itself conclusive and indisputable, so that in subsequent proceedings to enforce the judgment, there would be no necessity for resorting to evidence of an inferior degree.

The case is, then, that of a general creditor, without a lien resorting to a court of equity, to enforce satisfaction of his demand from lands devised. The personal estate is the primary fund for the payment of debts ; and though lands descended or devised may, if that estate be deficient, be charged, yet the heir or the devisee has an equity to insist on its application in exoneration of the lands. Hence, a

[May, Adm'r v. Parham, Adm'r.]

court of equity, as a general rule, will not aid a general creditor to subject lands devised or descended, unless an original deficiency of the personal estate is shown ; or it appears, that the personal representative has wasted it, and that all legal remedies against him and his sureties have been exhausted ; or that such remedies would be unavailing and fruitless in consequence of their insolvency.—*Darrington v. Borland*, 3 Port. 9 ; *Pyke v. Searcy*, 4. Port. 52 ; *Ledyard v. Johnston*, 16 Ala. 548.

The only averment of the bill touching this matter is, that " *there are now no personal assets of the estate of said Moody H. May, deceased, but the whole thereof which were of said estate have been appropriated by said administrator, and the said administrator, and each and all of his sureties on his bond, as such administrator, are wholly insolvent.*" The averment is not of a want or deficiency of personal assets at the death of the testator, or at the time of the grant of administration, but more than ten years thereafter, when the bill was filed. But it may be regarded as sufficient to excuse the creditor from a pursuit of legal remedies against the administrator and his sureties, and with sufficient certainty shows that such remedies would be unavailing. The averment is affirmative ; it is an indispensable ingredient of the right of the creditor to the aid of the court, and the burthen of proving it rests upon him, unless its truth is admitted. The devisees are infants, incapable of making the admission, and there is a want of proof of a material fact—the insolvency of the administrator, and of his sureties. Without proof of that fact, the court ought not to have charged the lands with the payment of the debt. It is scarcely necessary to say, that if the answer of the administrator can be regarded as admitting the fact, it is not evidence against the devisees.

2. The heir or the devisee, when a creditor seeks to subject lands which have passed into his possession, has an equal right with the personal representative to insist upon the statute of *non-claim*, as a bar to the demands.—*McBroom v. Governor*, 6 Port. 32 ; *Thrash v. Sumwalt*, 5 Ala. 13 ; *Fretwell v. McLemore*, 52 Ala. 124. When the statute is pleaded at law, or in equity, the *onus* of proving presentment lies on the creditor.—*Evans v. Norris*, 1 Ala. 511. The written acknowledgment by the personal representative of the fact of presentment, made before the statute creates a bar, is evidence of the fact of presentment against a subsequent representative, and against the heir or devisee.—*Starke v. Keenan*, 5 Ala. 590. The presentment of the claim of the appellee does appear from the answer of the administrator, when read in connection with the evidence. But other-

(17)

[Jones v. Randle.]

wise than from the admission in the answer of the administrator, it is not shown when the letters of administration were granted, and, of consequence, the period from which the bar of the statute is to be computed. That admission can not be received as evidence against the devisees. As to them, the appellee has not proved, consequently, a presentment of the claim within eighteen months.

The errors we have pointed out compel a reversal of the decree.

Reversed and remanded.

