# Enslen Adm'rx *v.* Wheeler Adm'r.

*Bill in Equity to Enforce a Registered Judgment Lien on Lands of Deceased Debtor's Estate.*

1. *Registered judgments; purpose and effect of statute of Feb. 28, 1887.* The unmistakable purpose and effect of the act of Feb. 28, 1887, is that every judgment filed and registered as therein provided, shall be a lien on all the property of the defendant in the county, subject to levy and sale under execution; and, that such lien shall continue ten years from the date of registration.

2. *Judgments as liens by construction of the remedy for their enforcement.*—It was only by a construction of the remedy given for their enforcement, viz: writ of elegit and *fi. fa.* that it was held in Alabama prior to the Code of 1852, that judgments were liens from the date of rendition. Upon the death of the judgment debtor his lands descended and vested in his heirs, the remedy by elegit and *fieri facias* was destroyed, and the lien perished with the remedies for its enforcement.

3. *Lien of registered judgment under acts of Feb. 28, 1887, and Feb. 5, 1891, not destroyed by death of the judgment debtor; how enforced.*—The lien given by acts of Feb. 28, 1886. (Acts, 1886-7, p. 99), and Feb. 5, 1891 (Acts 1890-1, p. 375) is not destroyed by the death of the judgment debtor and his lands descend to his heirs, encumbered with the lien acquired by filing and registering the judgment as therein provided; courts of law have no jurisdiction to enforce such lien, and courts of equity will take jurisdiction and enforce it.

4. *Act of 1887, a remedial statute.*—The statute of Feb. 5, 1887, is wholly remedial, and should be liberally construed. It applies to all judgments in force at the time of its adoption, as well as to those subsequently recovered.

5. *Act of Feb. 5, 1891, construed; execution may issue in ten years whether previously issued or not.*—The act of Feb. 5, 1891, does not limit the lien of judgments to such only as have been registered within one year from date of rendition; it simply declares an additional benefit and remedy in favor of such judgments, by removal of condition as to *fi. fa.* thereon. It does not, however, furnish a statutory remedy for the enforcement of the statutory lien created

6. *Same; § 2280 not repealed or modified by acts of 1891.*—Notwithstanding the broad language of the statute that an execution may issue at any time within ten years, it must issue in the life time of the judgment debtor, unless within the exception of § 2897. Section 2280 of the Code is not repealed or modified by the act of Feb. 5, 1891. Both statutes continue in force and have their field of operation, and

[Enslen, Adm'rx, v. Wheeler, Adm'r.]

the lien given by section 2894 of the Code, remains unaffected. The judgment, after the death of the judgment debtor is a mere cause of action. but, by acts of 1887-91, is secured by a lien on the property of the debtor.

7. *Heirs and administrator, parties in bill to enforce lien.*—In a proceeding in chancery to enforce the lien of a registered judgment, against the lands of the deceased debtor, the administrator and heirs are proper parties defendant.

FROM Birmingham City Court.

Heard before the Hon. H. A. SHARPE.

This is a bill filed in the City Court of Birmingham, on the equity side, by Adelaide Wheeler, as administratrix of the estate of Henry L. Wheeler, deceased, against Eugene F. Enslen, the administrator of the estate of James Kendall, deceased, and Leila K. Brown and J. K. Brown, her husband, the heirs-at-law of said James Kendall, deceased. George F. Kendall, who holds a mortgage on some of the lands described in the bill of complaint, which was made by said James Kendall in his lifetime to the Jefferson County Savings Bank, and afterwards transferred to said George F. Kendall, is also made a party defendant. The bill recites the fact that Henry L. Wheeler, the deceased appellee, obtained a judgment against said James Kendall in his lifetime, on or about the 27th day of February, 1886, in the Circuit Court for Jefferson county, Alabama, that during the lifetime of said James Kendall, to-wit, about the 18th day of August, 1887, said Henry L. Wheeler filed said judgment in the Probate Court for Jefferson county, Alabama. The bill seeks to enforce the lien acquired by the registration of said judgment. Demurrers, and a motion to dismiss for the want of equity were filed by the defendants, and overruled. A decree was rendered granting complainant the relief sought.

MOUNTJOY & TOMLINSON, for appellants.—1. The act of the legislature creating a lien by virture of a recorded judgment gives a lien upon all the property of the defendant in the county which is subject to levy and sale under execution. Acts of 1886–87, p. 99; Code of Alabama of 1886, bottom of page 335; also Acts of 1888–89, p. 60, and Acts of 1890–91, p. 375.

2. Judgment does not properly constitute a lien.—Jones on Liens, Vol. 1, Sec. 13.

3. "A lien at law or by statute cannot be enforced in equity. Except as remedy in equity is especially provided by statute, a court of equity can enforce an equitable lien either upon a legal or equitable estate in lands. But a lien

[Enslen, Adm'rx, v. Wheeler, Adm'r.]

which is purely legal, which is created by a statute and is dependent upon statutory provisions for its enforcement can not be aided in equity if a lien fails at law. In the absence of statutory provisions, no lien will be foreclosed in equity except in conformity with the established rules of equitable jurisprudence. Thus a general lien of a judgment will not be turned into a specific lien of a decree in equity and enforced by such decree. Equity will not interfere where there is a full and complete remedy by statute." Jones on Liens, Vol. 1, Sec. 94; *Buchan v. Sumner*, 2 Barb. N. Y. Chancery, 165; *Douglass v. Houston*, 6 Ohio, 162; *Howe Machine Co. v. Minor*, 28 Kansas, 441.

4. The judgment in this case has been abated by the death of James Kendall, and is not alive even as a judgment. Sec. 2280 and 2897, Code of 1886.

JAS. E. WEBB, for appellee.—1. The lien of complainant's registered judgment, though statutory, was without statutory provision for its enforcement, and therefore equity jurisdiction attached for that purpose.—Story's Eq. Juris., § 1216; 60 Ala. 448.

2. The lien created by filing the judgment in the Probate office attached during the life time of James Kendall, and the title to the land descended to his heir subject to the lien.

3. The statute of non-claim, and the failure to present does not affect the lien or its enforcement, has been too often decided by our court.—*Flynn v. Barber*, 61 Ala. 530; *Bizzell v. Nix*, 60 Ala. 281; *Smith v. Gillam*, 80 Ala. 300.

4. If it be contended by appellants that there was no equity in the bill for the enforcement of a lien in favor of appellees, it must be upon the principle, or for the reason, that the lien is a statutory lien. But it is only when the lien is created by statute, *and the statute affords a complete and adequate legal remedy that the jurisdiction of equity is excluded.* Such is the decision in *Walker v. Dainwood & Norris*, 80 Ala, 246; and in *Chandler v. Hanna*, 73 Ala. 390; where the court held that there was no equity in the bill, because the statute creating the *lien furnished the remedy.* But in the case of *Montandon v. Deas*, 14 Ala. 33, where the statute giving the lien did not prescribe any particular remedy, the court held (page 42, op. by Judge CHILTON) that the Chancery Court had the jurisdiction. The jurisdiction of the Chancery Court is only excluded when the statute prescribes a particular legal remedy.— *Wimberly v. Mayberry*, 94 Ala. 256; see, also, *Westmoreland v. Foster*, 60 Ala. 448.

[Enslen, Adm'rx, v. Wheeler, Adm'r.]

COLEMAN, J.—Wheeler, as administratrix, filed this bill in the City Court, sitting as a court of equity, to enforce a judgment lien upon certain lands particularly described in the bill, which belonged to the judgment debtor-respondent's intestate. The material facts are agreed upon, and the equity of the bill, and complainant's right to relief involve a construction of the act of the legislature adopted Feb. 28th, 1887, to be found also at the bottom of page 635 of the Code. We believe the question raised by the bill is before this court for the first time. The complainant recovered a judgment in a court of law on the 25th day of October, 1884, against one Kendall, the respondent's intestate, which judgment was regularly filed and registered during the life time of said Kendall, in the office of the Probate Judge, in accordance with the provisions of the act of Feb. 28th, 1887. Said Kendall died in Sept. 1889, and letters of administration were taken out on his estate in January, 1890. The judgment was filed for presentation as a claim against his estate in August, 1890. Executions had issued upon said judgment in the life time of Kendall, but they had not been issued regularly, and kept alive, and at the time of the death of Kendall there were no executions in the hands of the sheriff. The motion to dismiss the bill for want of equity, and the demurrer thereto raise the questions to be decided. It is contended, that the bill is without equity, first, because the lien given by the statute is not one of equitable jurisdiction, and second, that by the death of Kendall, the judgment debtor, the judgment was abated and the lien destroyed, and third, that if respondent is mistaken in these propositions, then complainant has a plain and adequate remedy at law. The act reads as follows :

"SECTION 1. *Be it enacted by the General Assembly of Alabama*, That the plaintiff, or owner of any judgment or decree, rendered by any court of record for the payment of money, may file in the office of the judge of probate of any county in this State, a certificate of the clerk or register of the court by which such judgment or decree was rendered, showing the court which rendered the same, the amount and date thereof, and the amount of costs, the name of the plaintiff's attorney, which certificate shall be registered by the judge of probate of such county in a book to be kept by him for that purpose, which register shall also show the date of filing, and the name of the owner of such judgment or decree ; and every judgment or decree, so filed and registered, shall be a lien upon all the property of the defendant in such county, which is subject to levy and sale under ex-

ecution; and such lien shall continue for ten years from the date of such registration. The registration of such judgment or decree thall be notice to all persons of the existence of such lien."

"SECTION 3. *Be it further enacted*, That the laws relating to the entry of credits and satisfaction of mortgages shall apply to the entry of credits and satisfaction of the liens created by this act,"

Unmistakably, the purpose and effect of the act is to declare, "that every judgment and decree so filed and registered shall be a lien upon all the property of the defendant in such county, which is subject to levy and sale under execution, and such lien shall continue for ten years from the date of such registration," and the registration is notice to all persons of the existence of such lien." Neither the original act, nor the one amending it (Acts of 1888-9, p. 60), provides a remedy for the enforcement of the lien. Section 2280 of the Code of 1886, reads as follows : "When a judgment has been rendered against a decedent before his death, no execution can issue thereon against his personal representative, except in the case provided for in section 2897 (3213) ; nor can the judgment be revived against him except by suit on the judgment."

Section 2897 reads as follows: "A writ of *fieri facias*, issued and received by the sheriff during the life of the defendant may be levied after his death, or an alias issued and levied, if there has not been the lapse of an entire term, so as to destroy the lien originally created."

Section 2894 is in the following language : "A writ of *fieri facias* is a lien, only within the county in which it is received by the officer authorized to execute it, on the lands and personal property of the defendant subject to levy and sale, from the time only that the writ is received by such officer,; which lien continues as long as the writ is regularly issued and delivered to such officer, without the lapse of an entire term."

It is under these sections of the Code, and the decisions of this court rendered upon the law as it was prior to the adoption of the Code of 1852, that respondents contend that there is no equity in the bill. These sections of the Code of 1886 were in force, and had been, for many years prior to the adoption of the Act of February 28, 1887, and neither of these several sections of the Code are referred to in the Act of 1887. Unless the latter is. in conflict, these several sections of the Code continue in force.

Section 2280 of the Code, *supra*, has been construed by

this court, and it is held, that where a judgment has been recovered against a debtor in his life time, after his death the judgment is a mere cause of action against his personal representative, incapable of revivor otherwise than by suit at law in the ordinary manner.—*May v. Parham*, 68 Ala. 253; *Brown v. Newman*, 66 Ala. 275; *Powe v. McLeod*, 76 Ala. 418. No execution can be levied after the death of the judgment debtor except in the case provided for in section 2897, and that exception does not arise in the present case. After death, the lien of an execution provided in section 2894, *supra*, was incapable of enforcement in any court except in the cases provided in section 2897, and in the manner therein provided. The lien of an execution, however, is not the lien given by the act of the legislature under consideration. Both liens may exist, without interference the one with the other. *Decatur Charcoal & Chemical Works v. Moses*, 89 Ala. 538. It is contended that in this State, at a former period, judgments were liens from the date of their rendition, and such liens were incapable of enforcement after the death of the judgment debtor. Prior to the adoption of the Code of 1852, it was held that judgments and decrees of courts of record created liens upon land from the date of their rendition, and it was also held that such judgment liens could not be enforced after the death of the judgment debtor.—*Abercrombie v. Hall*, 6 Ala. 658; *Lucas v. Doe ex dem Price*, 4 Ala. 679. See *Munsony & Hurtell, v. U. S. Bank*, 4 Ala. 735, 749, where the authorities are collected. From an examination of the authorities and the several statutes upon which they were based, it will be seen that there was no statute, declaring in express words that judgments were liens from the date of rendition. By the act of 1807, Clay's Dig., page 193, the plaintiff enforced his judgment against the lands of a resident debtor by the writ of elegit, and by act of 1812 (Clay's Dig., page 205), lands were made subject to the payment of judgments and decrees of courts of record by writ of execution. It was by construction of the remedy given by the writ of elegit in the one case, and *fieri facias* in the other, that it was held that judgments were liens from the date of their rendition. Upon the death of the debtor, the lands descended to his heirs. The property vested in them. The heirs were not parties to the suit in which judgment was rendered against their ancestor. They were not bound by it. Having never had their day in court, neither the writ of elegit, nor *fieri facias* could be executed against their property. The lien of the judgment was that given to it by construction and grew out of the remedy by the writ of elegit,

[Enslen, Adm'rx, v. Wheeler, Adm'r.]

or *fieri fiacias*. The remedy having been destroyed by the death of the judgment debtor, the lien itself was destroyed. *Burk, Adm'r, v. Jones & Allen*, 13 Ala. 167 ; *Forrest & Lyon v. Camp*, 16 Ala. 642 ; *Hendon v. White*, 52 Ala. 597 ; *Ray v. Thompson*, 43 Ala. 434 ; *Fry v. Branch Bank*, 16 Ala. 282. And these principles apply to liens created by the levy of an attachment, unless otherwise provided.—*Phillips v. Ash Heirs*, 63 Ala. 414. By the act of 1828 (Clay's Dig., page 197), it was enacted that judgment creditors might subject the lands of a decedent to the satisfaction of their judgments, under certain conditions, by suing out *scire facias* against the executor and heirs, but this remedy is not now in force. It is very clear that the authorities and principles of law, to which we have adverted and cited have no application to a lien created by the statute, independent of the remedy to enforce the collection of a judgment, and our conclusion is that the lien is not destroyed by the death of the judgment debtor, and that the lands descend to the heirs encumbered with the lien acquired by filing and registering the judgment as provided by the statute of 1887. Courts of law have no original jurisdiction to enforce liens, and in the absence of statutory provisions conferring the remedy upon a court of law to enforce a lien created by the statute, and no other mode is provided by statute, a court of equity, by virtue of its general jurisdiction over liens and trusts, will take jurisdiction and enforce the lien.—*Montandon v. Deas*, 14 Ala. 33 ; *Wimberly v. Mayberry*, 94 Ala. 240 ; *Westmoreland v. Foster*, 60 Ala. 448 ; *Bingham v. Vandegrift*, 93 Ala. 283. The statute of February, 1887, is wholly remedial, and should be liberally construed. We hold that it applies to all judgments in force at the time of its adoption, as well as to those subsequently recovered.—*Daily v. Burke*, 28 Ala. 328 ; *Curry v. Landers*, 35 Ala. 280 ; *Ex parte Pollard and Ex parte Wood*, 40 Ala. 77 ; *Ex parte Buckley*, 53 Ala. 42 ; *Eskridge v. Ditmars*, 51 Ala. 245.

By act approved February 5th, 1891 (Acts of 1890–91, page 375), it was further enacted, "That on any judgment or decree which has been or may hereafter be legally register-ed · · · execution may be issued at any time within ten years from the date of the rendition of the judgment or de-cree, and that whether execution has been previously issued or not on such judgment or decree. Provided, that the reg-istration must have been made within a year from the time the judgment or decree was rendered." Neither the origi-nal act of 1887, p. 99, nor the amendatory act of 1888-9, page 60, specified any time within which judgments and decrees

should be filed and registered, but declared that "every judgment and decree so filed and registered shall be a lien on the property of the defendant · · and such lien shall continue for ten years *from the date of such registration.*" We do not construe the last amendment as in any manner declaring that unless the judgment or decree was registered within a year from the date of its rendition, that it should not be a lien. Our construction is, that the last amendment was intended to declare an additional benefit and remedy on judgments and decrees filed and registered, provided they were thus registered within a year from the date of rendition. Until the adoption of the last amendatory act, 1890-1, *supra*, it was necessary that the writ of *fieri facias* be issued within a year from the date of the rendition of the judgment, (Code, § 2882) and this section of the Code applied to judgments which were filed and registered. By virtue of the amendment, execution may issue at any time within ten years, whether previously issued or not, provided the judgment was registered within a year from its rendition. This amendment was not intended to furnish a statutory remedy for the enforcement of the statutory lien created by the act, neither does it destroy the lien of judgments because not registered within a year, and which liens may be enforced in a court of equity. Notwithstanding the broad language of the statute, that execution may issue at any time within ten years, the issue of the execution must be within the life time of the judgment debtor, unless it is within the exception provided in section 2897. Section 2280 of the Code, *supra*, is not repealed or modified by the act of 1890-91. Both statutes continue in force, and have their fields of operation, and the lien of execution as provided in section 2894 of the Code, *supra*, remains unaffected. Lands descend to and vest in the heirs upon the death of the ancestor. The statute (1890-91) makes no provision for making the executor or heirs parties. They are entitled to their day in court. The judgment, after the death of the judgment debtor, is a cause of action, and by virtue of the act of 1887, it is a cause of action secured by a lien. upon the property of the judgment debtor. As to realty upon his death, the legal title vests in the heir, and as to personalty in the administrator. As in cases brought to enforce a vendor's lien, after the death of the vendee, the administrator is interested in the payment of the debts of the decedent, and is a proper party to such a bill, and the legal title being in the heirs he is a necessary party, so a bill filed to enforce a judgment lien, the administrator and heirs of the deceased debtor, are proper parties

defendant. It follows from these conclusions that the City Court did not err in any of its rulings on the motion to dismiss the bill, or on demurrer to . the original or cross-bill, nor in the final decree granting relief.

Affirmed.