(85 South. 690)

### FLEMING v. FOWLKES & MYATT CO.
(6 Div. 15.)

(Supreme Court of Alabama. May 20, 1920.)

1. **Fraudulent conveyances ⬅259(1)—Bill to set aside need not be treated as bill to discover assets under statute.**

A bill to enforce complainant's judgment and to set aside alleged fraudulent transfers of property, which has equity, need not be treated as a bill to discover and subject assets under Code, § 3740.

2. **Judgment ⬅876(1) — Presumed satisfied after elapse of ten years from date of last execution.**

Under Code 1907, §§ 4154, 4833, a judgment is presumed satisfied where more than ten years have elapsed since the date of the last execution, and the burden of proving it not satisfied is upon one seeking to enforce it.

3. **Pleading ⬅8(3)—Facts showing excuse for delay in filing bill need not be alleged.**

A bill in equity seeking to enforce a judgment and set aside alleged fraudulent transfers on property need not allege facts showing excuse for delay in filing the bill after the elapse of ten years from the date of the last execution, it being sufficient to simply allege that the judgment remains unsatisfied.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Fowlkes & Myatt Company, judgment creditor, against C. C. Fleming and others to enforce the lien of their judgment upon certain property. From a decree overruling his demurrers to the bill, respondent C. C. Fleming appeals. Affirmed.

Wood & Pritchard, of Birmingham, for appellant.

The judgment is presumed paid and satisfied. Sections 4152 and 4833, Code 1907; 166 Ala. 353, 52 South. 200; 86 Ala. 391, 5 South. 306. A delay of 12 years is an effectual bar to the right on the ground of laches. 55 Ala. 525; 80 Ala. 78, 60 Am. Rep. 85; 164 Ala. 414, 51 South. 393.

E. N. Hamill, of Birmingham, for appellee.

SAYRE, J. Appellee, a corporation, filed the bill in this cause making parties defend-ant thereto C. C. Fleming, L. A. Fleming, his wife, and Charlie's Transfer Company, also a corporation. The circuit judge, sitting as chancellor, overruled the separate demurrer of the defendant Fleming, and upon appeal from that decree said defendant assigns errors separately.

In appellee's bill it is alleged that the Fox Sons Smith Company, a corporation, brought its action at law against appellant on March 23, 1903, to recover judgment on a claim which had accrued long before, and that judgment was rendered for plaintiff therein June 8, 1903, execution thereon being issued July 3, 1903, and returned "No property" on the 21st of the same month. The judgment remains unpaid. Appellee filed its bill June 23, 1916, as assignee of the Fox Sons Smith Company's judgment.

It is further shown by the bill that on March 23, 1903, Fleming and others incorporated the transfer company and that in April following he transferred his shares of stock to the defendant, his wife, and other members of his family; the averment being, to state its general effect, that the transfer was simulated and fraudulent as against creditors. Further it is shown that Fleming is president, director, and manager of the transfer company and for it performs services that are valuable, but that they pretend that said services are rendered for his wife and that he receives no pay for them and that the wife receives money from the company which is paid to her as her share of the business, though for several years the company has paid no dividends, and that money so paid to her has been invested in real estate described in the bill.

The prayer of the bill is that the transfer of stock to Mrs. Fleming be annulled and the stock subjected to the payment of the debts of complainant and other creditors, who are invited to come in; that the real estate be subjected also; and that "the reasonable amount in value of the services of the said L. A. Fleming (sic) declared to be liable to the debts of your orator and other creditors who may join in this bill and that the said Charlie's Transfer Company be ordered and required to pay the same into this court subject to be disbursed for such purpose," and for a receiver, etc.

[1] The bill is verified by oath, and has heretofore been treated as a bill to discover and subject assets under section 3740 of the Code, but its equity does not depend upon its sufficiency as a bill for that purpose, and that question is not now in judgment. Pollak v. Billing, 131 Ala. 519, 32 South. 639. The bill has equity as a bill to enforce complainant's judgment and to set aside the transfers of property alleged to have been made in fraud of complainant's rights.

Mainly, it is urged against the bill there

is no averment that all the facts charged concerning the alleged simulated and fictitious transfers of stock and other property were not known to the complainant from the time of their occurrence, nor is any excuse shown for the great delay in filing the bill; in short, the objection, averred to be apparent on the face of the bill, is that, by laches, complainant is barred of the relief sought.

[2, 3] As we have said, the bill is to enforce complainant's judgment, and the life of that judgment is 20 years. Code, § 4833. More than 10 years having elapsed since the date of the last execution, the judgment is presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff. Code, § 4154. But, as already noted, the averment is that the judgment remains unsatisfied. It seems to be considered by appellant that the principle exemplified by the decision in Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 South. 393, has placed complainant, appellee, under duty to allege facts showing excuse for its delay in filing the bill; but our judgment is that, as in favor of appellant, judgment debtor, that principle would come into operation and effect only upon the expiry of 20 years. It may be that, as to the other parties defendant to this bill, a very different principle of judicial action would prevail, for they were not parties to the judgment in suit and are in no wise affected by its conclusions.

As respects the rights of C. C. Fleming, who alone has assigned error, the decree overruling the demurrer must be
Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.