51 So.2d 244

**RAINER v. MOSELEY.**

4 Div. 616.

Supreme Court of Alabama.
March 1, 1951.

Cope & Cope, of Union Springs, for appellant.

Moseley & McIlwain, of Union Springs, for appellee.

BROWN, Justice.

The appeal in this case is by S. P. Rainer, Jr., one of the defendants, from an interlocutory decree overruling his demurrer to the bill as last amended. The bill is a creditor's bill filed by the appellee Rochelle R. Moseley, on April 5, 1948, against S. P. Rainer, Jr. and J. W. Rainer, as executors of the estate of S. P. Rainer, Sr., deceased, and against them and the other heirs at law of said S. P. Rainer, Sr., individually, for discovery and relief.

The bill alleges that the complainant on July 28, 1931, recovered a judgment against the said S. P. Rainer in the Circuit Court of Bullock County, "which judgment was duly recorded in the Probate Office of Bullock County, Alabama, on August 22, 1931, that execution was duly issued on said judgment within the time required by law, and return was made by the Sheriff of Bullock County, Alabama, to the court of 'no property found.' That on January 12, 1946, the said judgment was duly revived by a scire facias proceeding in the Circuit Court of Bullock County, Alabama, a copy of the order or decree reviving said judgment being attached hereto, as Complainant's Exhibit B and by reference made a part hereof.

"That the said S. P. Rainer, Sr., the judgment debtor, died on to-wit: August 13, 1933, a resident of Bullock County, Alabama, and two of his sons, namely: S. P. Rainer, Jr., and J. W. Rainer were duly appointed and qualified as Executors of his estate, * * *; that notice of Complainant's said judgment and claim against the estate of S. P. Rainer, Sr., deceased, was duly given and filed within the time required by law, and Complainant avers that said judgment and claim with interest and costs has not been paid and there has never been a final settlement of said estate, and said Executors have never been discharged.

"Complainant avers that at the time of said execution and the return of the Sheriff of 'No property found', there were 160 acres of land, described as follows, to-wit: (describing said land) which belonged to said S. P. Rainer, Sr., and was not encumbered, and which was subject to the lien of said judgment; that the said above described land was not sold or disposed of by the said S. P. Rainer, Sr., during his lifetime, and upon his death became the property of his heirs at law, subject to the lien of said judgment and claim of complainant.

"That on the 4th day of March, 1916, S. P. Rainer, Sr., executed a mortgage to Connecticut General Life Insurance Company, and default was made in the payment of the indebtedness secured thereby, and it was duly and legally foreclosed on October 12, 1931, and the said Connecticut General Life Insurance Company took possession of the said 160 acres described in Paragraph Four hereof, as a part of the land described in said mortgage executed by S. P. Rainer, Sr., and purchased by said Connecticut General Life Insurance Company at the foreclosure sale, when, in fact, said 160 acres of land was not included in said mortgage and not described therein; and was not sold at said foreclosure sale, and was not conveyed to the said Connecticut General Life Insurance Company by foreclosure deed, and was held by General Life Insurance Company by mistake of fact. Complainant is informed and believes and upon such information and belief alleges that when the Connecticut General Life Insurance Company discovered that it was wrongfully holding the possession of the one hundred sixty acres of land described in the fourth paragraph of the original Bill of Complaint,

the property of S. P. Rainer, Sr., deceased, it disclaimed any interest therein or right thereto, and at the request of S. P. Rainer, Jr., as executor of the estate of said S..P. Rainer, Sr., executed a quitclaim deed to him in his own individual name, a copy of which is attached to the original Bill of Complaint as Exhibit D, and by reference made a part thereof; and Complainant avers that since the execution of said deed the said S. P. Rainer, Jr., has claimed the said one hundred sixty acres of land individually; he has assessed it in his own name as his individual property; he has collected the rents from said lands and converted same to his individual use; and, has sold the saw mill timber and pulp wood timber, the receipts from said sales being converted to his own individual use, and complainant avers that said S. P. Rainer, Jr., in furtherance of his own scheme to cover up, defraud and prevent the said one hundred sixty acres of land from being applied toward the payment and satisfaction of the lien of said judgment of said Complainant, has attempted on more than one occasion, and to more than one person, to sell the said land and convey title thereto in his own name. And complainant avers that the said quitclaim deed executed by the Connecticut General Life Insurance Company to the said S. P. Rainer, Jr., was without consideration and that the said S. P. Rainer, Jr., was not a bona fide purchaser thereunder and that said deed is voluntary, fictitious and constructively fraudulent, and conveys no interest in the property described therein, and is void; that it was the purpose of the said S. P. Rainer, Jr., in procuring the said conveyance from said Connecticut General Life Insurance Company, who claims no title to said one hundred sixty acres of land, to cover up said land and to prevent it from being applied toward satisfaction of Complainant's judgment lien, thereby defrauding Complainant, a judgment creditor."

The bill further alleges, "That there was not a sufficient amount of personal property belonging to the estate of said S. P. Rainer, Sr., with which to pay said judgment lien, nor has any ever been found or located except the proceeds from the rent of said 160 acres of land, and the money received by S. P. Rainer, Jr., from the sale of the timber and pulp wood."

The bill further alleges that complainant "has, through her attorney, made demand, in writing, upon the said S. P. Rainer, Jr., that he make a full accounting of the rents collected, and the timber and pulp wood sold from the above described 160 acres of land, and that the executors of the estate of the said S. P. Rainer, Sr., sell the said real estate for the payment of the debts of said estate, all of which the said S. P. Rainer, Jr., has failed and refused to do. And Complainant avers that her claim and the lien of her judgments is the only existing legal claim or lien against the estate of S. P. Rainer, Sr., deceased, or said described property."

The bill seeks discovery through interrogatories appended to the bill and prays that the property described and usufruct of the land fraudulently withheld be subjected to satisfaction of the debts of the estate, and for general relief.

The decree of the court entered January 12, 1946, reviving the judgment against the executors is in the form of recovery against them as such, for the amount of the original judgment, interest and costs and for the costs in that proceeding with execution for collection.

The first contention made by the appellant is that the bill does not allege that the judgment recovered has been revived by scire facias against the heirs at law and in the absence of such revival the title of the heirs to the property cannot be subjected to the payment of debts. As supporting this contention the appellant cites the old case of Erwin's Lessee v. Dundas, 4 How. 58, 11 L.Ed. 875. That case, which originated in Mobile County, this state, was a common law action of ejectment and the single question presented was whether or not the plaintiffs through a sale of land belonging to an estate of a decedent acquired the legal title by a sale under execution after his death. The pertinent part of the decision in that case is, "But as to the real estate of the defendants the charge of the judgment does not survive; and the

256

execution must go against the lands of both; as it cannot be regularly issued against the deceased co-defendant nor be allowed to charge the estate in the hands of his heirs, devisees, or terri-tenants until they have had notice and opportunity to set up a defense, if any, to the judgment, and scire facias is indispensable to the regularity of the execution. * * * The rights of the heirs and devisees and the reasons for protecting them by scire facias are the same in one case as in the other."

As we read this case it is not an apt authority supporting the demurrers filed to the bill and the quoted excerpt does not militate against the right of a judgment creditor or even a simple contract creditor to maintain a bill against the personal representative and heirs at law of a deceased debtor to subject property in their hands on to which they have title by inheritance or devise to the satisfaction of a creditor's claim, which has been withheld and fraudulently concealed from the creditors of the estate, where the personal estate at the time of the death of said testator was insufficient to satisfy the claim of creditors.

Moreover we find no provision in our statute which authorizes the revival of a judgment recovered against a deceased debtor to be revived against the heirs at law of such debtor by scire facias. The provisions of the statute for revival of judgments and executions thereon are embodied in Article 8, Title 7, Code of 1940, embodying §§ 574 to 583, inclusive. The judgment though dormant can only be revived at law by an action thereon, yet it is sufficient basis to support a bill by a judgment creditor or even a common creditor for discovery and relief. May, Adm'r v. Parham, Adm'r, 68 Ala. 253; McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711. And in such a proceeding the heirs at law as well as the personal representative of the estate have ample opportunity to protect whatever interest they may have. Reynolds v. Crook, 95 Ala. 570, 11 So. 412; Perkins, Livingston & Post v. Brierfield Iron & Coal Co., 77 Ala. 403; Fleming v. Fowlkes & Myatt Co., 204 Ala. 284, 85

So. 690; Enslen, Adm'r v. Wheeler, Adm'r, 98 Ala. 200, 13 So. 473.

The only provision in the statute so far as we have been able to find or which has been called to our attention which authorizes a revival of a judgment of a deceased debtor by scire facias is § 132, Title 61, Code of 1940, which authorizes such revival against his personal representative.

To avoid discovery and accounting for assets arising from the usufruct of the lands and timber the appellant in his third proposition insists that the bill does not allege that the land is not of sufficient value to pay the judgment with interest and costs. We are not of opinion that such averment was necessary. Under the facts alleged in the bill the real property described was property belonging to the testator at the time of his death and was an asset of the estate subject to administration. If the personal assets were insufficient to pay the debts filed against the estate it was the duty of the administrator to resort to the sale of this land for the satisfaction of the claims of creditors.

Our conclusion is that the demurrer was not well taken and was overruled without error.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.