72 So.2d 726

### CARR v. COWAN et al.

6 Div. 588, 589.

Supreme Court of Alabama.

May 13, 1954.

<hr>

1. 260 Ala. 22.

Ross, Ross & Ross, Bessemer, for appellant.

Edw. H. Saunders, Bessemer, and G. P. Benton, Fairfield, for appellees.

SIMPSON, Justice.

These appeals are from an order of the Bessemer Division of the Jefferson County Circuit Court purporting to revive by scire facias a dormant judgment—this one over ten years old—theretofore rendered against a deceased judgment debtor. (Just why two identical appeals is not clear, but they are consolidated for this single opinion.)

The trial court appointed the only heir at law (appellant Carr) of the debtor as administratrix ad litem to represent the decedent's estate and then proceeded to enter an order of revivor against said heir individually and as administratrix ad litem.

The mode pursued to revive the judgment was unauthorized. There is no provision in our pertinent statutes for the revivor by scire facias of such a judgment against the heirs at law of a deceased judgment debtor or against his administrator ad litem. Rainer v. Moseley, 255 Ala. 253, 51 So.2d 244; Enslen v. Wheeler, 98 Ala. 200, 13 So. 473; May v. Parham, 68 Ala. 253.

The original theory was that a judgment rendered against a debtor in his lifetime was, after his death, a mere cause of action against the personal representative and was incapable of revivor otherwise than by a suit at law in the ordinary manner, although such a status was held sufficient to support a bill in equity to enforce the judgment lien. Enslen v. Wheeler, supra; May v. Parham, supra.

Subsequent to the decisions in the last two cited cases the statute under construction, now § 132, Title 61, Code 1940, was amended to add the provision that "such judgment may be revived against his personal representative by scire facias after the lapse of six months from the grant of letters". But in the instant case there has been no administration on the estate of the deceased debtor, and hence no personal representative has been appointed. The proceeding of scire facias was therefore without warrant.

The case of Rainer v. Moseley, supra, correctly stated the governing principle as follows:

" * * * we find no provision in our statute which authorizes the revival of a judgment recovered against a deceased debtor to be revived against the heirs at law of such debtor by scire facias. The provisions of the statute for revival of judgments and

executions thereon are embodied in Article 8, Title 7, Code of 1940, embodying §§ 574 to 583, inclusive. The judgment though dormant can only be revived at law by an action thereon, yet it is sufficient basis to support a bill by a judgment creditor or even a common creditor for discovery and relief. May, Adm'r v. Parham, Adm'r, 68 Ala. 253; McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711. And in such a proceeding the heirs at law as well as the personal representative of the estate have ample opportunity to protect whatever interest they may have. Reynolds v. Crook, 95 Ala. 570, 11 So. 412; Perkins, Livingston & Post v. Brierfield Iron & Coal Co., 77 Ala. 403; Fleming v. Fowlkes & Myatt Co., 204 Ala. 284, 85 So. 690; Enslen, Adm'r v. Wheeler, Adm'r, 98 Ala. 200, 13 So. 473.

"The only provision in the statute so far as we have been able to find or which has been called to our attention which authorizes a revival of a judgment of a deceased debtor by scire facias is § 132, Title 61, Code of 1940, which authorizes such revival against his personal representative." 255 Ala. at page 256, 51 So.2d at page 247.

Section 524, Title 7, Code 1940, relied upon by the plaintiff as authority for the proceeding, is without application. That section is embodied in the article relating to writs of fieri facias and pertains to the issuance of an execution to enforce a judgment lien after the appointment of a personal representative and not to the revivor of a dormant judgment.

We hold, therefore, that the lower court was without jurisdiction to entertain the proceeding. Accordingly a judgment will be entered here reversing the order below and dismissing the cause.

Reversed and rendered.

LIVINGSTON, C. J., and GOODWYN and STAKELY, JJ., concur.