[Richards, et al. v. Steiner Bros.]

# Richards, *et. al. v.* Steiner Bros.

## Bill to Quiet Title.

.(Decided Feb. 3, 1910.   Rehearing denied Feb. 26, 1910.
52 South. 200.)

1. *Judgment; Lien; Priority.*—Under section 3383, Code 1907, a deed to land executed prior to a judgment obtained against the grantor, but which was not recorded until after the judgment was obtained, is void as to the judgment unless the judgment creditor had notice of the deed, and the burden is upon the grantee to show such notice.

2. *Same; Lien; Priority; Presumption of Satisfaction.*—Where lands were conveyed by deeds but the deed was not placed on record, and subsequently a judgment was obtained against the grantor in 1891, and an execution issued thereon was returned in April nulla bona, and in August, 1901, the grantee conveyed to the present complainants and in 1903, the judgment was revived and the execution levied on the property in question, while the original deed was inoperative as against the judgment, at the time complainants purchased the property they had a right to presume that the judgment was satisfied, and their title thereto was prior to the judgment lien so that it was unaffected by the subsequent revival of the judgment. (Section 3383, and 4154, Code 1907.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Randolph Richard and another to quiet title against Steiner Bros. Judgment for defendant, and complainants appeal. Reversed and rendered.

The facts seem to be that in 1891 B. & S. Steiner, a firm, recovered judgment against the Birmingham Ensley Land & Iprovement Company in the sum of $1,822, and had execution issued thereon, which was returned in April of the same year nulla bona. At the time of the recovery of the judgment, Jones, who afterwards conveyed to the complainants, held an unrecorded deed to himself from the Birmingham Land & Improvement Company conveying the land in question. The judgment became dormant for failure to issue exe-

cution until March, 1903, when it was duly revived, and execution was levied on the lots in question, which were sold, and the appellant corporation became the purchaser. The other facts sufficiently appear in the opinion.

HENRY F. REESE, and IVEY F. LEWIS, for appellant. Notice of transfer is as effective as registration, and notice of facts which ought to put the purchaser upon inquiry, and which if properly followed would lead to notice of the transfer, is the equivalent of actual notice. —*Rankin M. Co. v. Bishop,* 137 Ala. 275. Where the first purchaser fails to record his deed the onus of proof of notice is upon him.—*Center v. P. & M. Bank,* 22 Ala. 756. Where the pleadings are sworn to by the party in whose behalf they are filed, this fact is evidence that they are drawn with his knowledge of the facts therein stated and consequently admissible against him in other cases.—Greenl. Sec. 186. Where a judgment is inoperative and dormant, the holder of the judgment is in the eyes of a court of equity a simple contract creditor.—*Perkins, et al. v. Brierfield I. & C. Co.,* 76 Ala. 403. Where third persons have acquired rights in the meantime the rule that an execution can be voided only on proceedings instituted by the defendants in execution does not obtain.—*Leonard v. Brewer,* 86 Ala. 390. After a judgment had become dormant, or the judgment lien has expired by the lapse of time, it cannot be revived so as to overreach conveyances or encumbrances subsequent to the entry of the original judgment and prior to its revival.—17 A. & E. Ency. of Law, 805. So far as notice is concerned the purchaser at execution sale stands in the shoes of the judgment creditor.—*Dana v. Crew,* 137 Ala. 617. The doctrine of equitable estoppel applies in this case.—

[Richards, et al. v. Steiner Bros.]

*Tobias v. Morris,* 126 Ala. 550; Hermann on Estoppel, p. 2.

A. LATADY, for appellee. Section 1005, Code 1896, and its predecessors govern in this case, and the unrecorded deed was void, as to the judgment creditor.— *Winston v. Hodges,* 102 Ala. 304. This protection inheres in the proceedings and passes to the purchaser at the sale.—*Rankin v. Bishop,* 137 Ala. 271; *Troy v. Waters,* 87 Ala. 233; *King v. Paulk,* 85 Ala. 188; *Watts v. Parsons,* 78 Ala. 202.

ANDERSON, J.—The complainants' grantor, Jones, had a deed from the Ensley Company, prior in date to the judgment of Steiner Bros. against said Ensley Company; but said deed was not recorded until March 5, 1891, some time subsequent to the judgment, which was rendered January 17, 1891. The deed would, therefore, be void as to the judgment, under the statutes of registration (section 3383, Code of 1907), unless it was shown that the judgment creditor had notice of same, and the burden is upon the grantee in said deed to show notice.—*Rankin Mfg. Co. v. Bishop,* 137 Ala. 275, 34 South. 991; *Center v. P. & M. Bank,* 22 Ala. 756. The complainants attempt to charge notice of the fact that these lots had been sold to B. Steiner before the rendition of the judgment by a familiarity with the condition of affairs of the Ensley Company, growing out of his dealings therewith and the filing of a certain bill by his firm against said company, prior to the rendition of said judgment. We do not think that the facts shown were sufficient to charge the plaintiffs in the judgment with notice that the lots had been sold or that Jones had purchased them before they obtained their said judgment.

This court, in construing the statute above cited, has held that the purchaser at a judgment sale is protected as against an unrecorded deed of which the judgment creditor had no notice, whether the lien was subsequently kept alive or not.—*Wood v. Lake,* 62 Ala. 489. This case, however, presents a question which seems to never have been pointedly decided by this court. The respondents invoke the doctrine of purchaser without notice as against Jones, the grantee in the unrecorded deed; and these complainants invoke the doctrine of bona fide purchaser as against the respondents, upon the theory that, while the judgment may have been superior to the Jones deed, respondents permitted the record to remain in such condition that Jones' title was clear when they bought from him, and that they had no notice that there was a live and subsisting judgment, superior to the Jones deed, which was on record when they bought from him. In other words, while the record showed that the judgment was rendered prior to the registration of the Jones deed, yet the Jones deed was on record when they bought, and the judgment was in such condition at the time of their said purchase from Jones that the law presumed that it was satisfied. Counsel for the appellees admit, in brief, that the judgment lay dormant from January, 1891, until March, 1903, except as a recorded judgment, but which said recordation seems to be conceded as insufficient as a lien, and which under the statute does not survive for over 10 years, even if properly recorded so as to keep up the lien.

Section 4154 of the Code of 1907 is as follows: "If ten years have elapsed from the rendition of the judgment or decree without issue of execution, or if ten years have elapsed since the date of the last execution issued, the judgment or decree must be presumed satis-

fied, and the burden of proving it not satisfied is upon the plaintiff." The judgment in question was rendered in January, 1891. No execution seems to have been issued thereupon within 10 years prior to the time ·complainants bought from Jones, August 14, 1901, more than 10 years after the rendition of the judgment, and prior to the revival of same in 1903. We therefore hold that, notwithstanding the Jones deed was inoperative as against the judgment in question, when these complainants bought from Jones the record of said judgment was in such condition that they had the right to presume, under the statute, that it was satisfied, and not, therefore, superior to any title they would acquire from Jones. The subsequent revival of the judgment would doubtless mean that it was not satisfied, but this would not effect intervening rights.—*Leonard v. Brewer*, 86 Ala. 390, 5 South. 306. We are not unmindful of the fact that this court has often held that the title of a purchaser under an execution sale, whether the lien had been kept alive or not, was a superior title to the grantee under a prior unrecorded deed; but none of them hold that an intervening purchaser from the grantee would not be protected after the judgment had lain dormant long enough for the record to disclose a presumptive satisfaction of same. If the respondents can profit by the failure of Jones to record his deed prior to the rendition of the judgment, these complainants can also profit by the action of the plaintiffs to the judgment in permitting the record to get in such a condition that the law presumed that it was satisfied when complainants bought the land from Jones.

The complainants not only showed constructive possession under a superior title, but that they were in the actual possession, through their agent, Lewis, when the bill was filed. The chancellor erred in dismissing the

complainants' bill, and the decree must be reversed, and one is here rendered adjudging the complainants the true owner of the lots in question.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.