# Pippin *v.* Farmers' Warehouse Co.

## *Trover.*

(Decided Feb. 26, 1910.  51 South. 882.)

1. *Trover and Conversion; Joint Tort Feasors.*—Where property in which a third person has rights is converted by the wrongful act of one co-operating with another who has notice of the right of such third person, such parties can be sued jointly for the tort.

2. *Same; Parties.*—Where a mortgage was given on a crop, and the mortgage was duly recorded, which was equivalent to actual notice, and the mortgagor stowed a bale of cotton of such crop with a warehouse company, and received a receipt for the cotton, and the mortgagor subsequently sold the cotton, and the warehouse company turned the cotton out for shipment upon the order of the buyer's agent, the warehouse company became jointly and severally liable with the mortgagor for the conversion.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

Action by J. W. Pippin against the Farmers' Warehouse Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The following is the agreed statement of facts: That on the 6th day of March, 1905, B. F. Blackmon and J. D. Cook executed to plaintiff a mortgage on their entire crop to be raised by them or under their direction, or in which they might in any way be interested, during the year 1905, in Dale county or elsewhere in Alabama; that at that time said B. F. Blackmon was in possession of and owned a certain tract of land, situated near Ozark, in Dale county, Alabama; that during the year 1905 he raised or caused to be raised a crop of cotton on said land; that of the said crop of cotton he caused a bale of cotton involved in this suit to be carried and put in a warehouse of defendant Farmers' Warehouse for storage, and said defendant issued and delivered to said Blackmon a warehouse receipt for said bale of

cotton, agreeing to keep and store the same for him as a warehouseman; that after the said cotton had been so delivered to said warehouse, and said receipt therefor had been so issued, said B. F. Blackmon sold said bale of cotton to defendant E. R. Phillips, who acted in the purchase thereof for his principal, Knoof & Fabarius, of Liverpool, Eng., for whom he, as agent, was then engaged in buying cotton for shipment into the markets of the world, and that said E. R. Phillips, as such agent, purchased the said cotton for said parties for such shipment, and that his principals above named kept certain moneys in the possession of said E. R. Phillips for the purpose of purchasing and paying for cotton for such shipment, and that said Phillips paid for the bale of cotton in question in this suit out of said moneys so kept by him, paying said Blackmon therefor; that said E. R. Phillips was at that time working for a salary for said Knoof & Fabarius, and did not receive any portion of the proceeds or price of said bale of cotton; that subsequent to his said purchase as aforesaid of said bale of cotton, that is, at the time alleged, said Phillips made out a list comprising a description of a large number of bales of cotton which he had purchased for said principals, including among it the bale of cotton here in question, describing a lot of cotton by his warehouse numbers, and delivered said list of cotton to said Farmers' Warehouse, and directed it to turn said cotton out for shipment into the market; that defendant Farmers' Warehouse then and there did turn said bale of cotton here in question out for shipment by the railway into the market, carrying the same to the depot of the Central of Georgia Railway, one-half mile from said warehouse in what was then the town of Charlton and is now the town of Ariton; that when defendant Farmers' Warehouse had finished making delivery of said

cotton at the depot aforesaid it notified Phillips that it had done so; that in making the said delivery said warehouse placed the said cotton upon the platform of the said Central of Georgia Railway at said depot ready for loading on the cars, and that thereupon said E. R. Phillips procured from said railway company the bill of lading, upon which said railway company shipped the said cotton, including the bale of cotton here in question, to Savannah, Ga., from which point it was distributed to the various points of consumption with which said Knoof & Fabarius were dealing, and that all this occurred at the time alleged in the complaint; that said Farmers' Warehouse received nothing on account of the said cotton, or its connection therewith, except its warehouse charges of 25 cents, which said Phillips paid for his principals, and that said Phillips bought said cotton and shipped same in the name of said principals, but did not at the time of said purchase disclose the name of his principal, but no demand was made by anybody upon these defendants for the cotton until some time after it had been shipped out of the state; that plaintiff's mortgage covered the bale of cotton in question, and that the mortgage was duly and legally recorded according to the statute on the mortgage records of the probate office by the judge thereof of Dale county, on March 3, 1905, and the revenue and other charges duly paid; that plaintiff had done all things necessary for the proper recording of said mortgages at that time; that neither of the defendants in fact knew of the existence of said mortgage until after said Phillips had bought the same from said Blackmon, and had paid him in cash for the same, and had shipped the same out of Alabama, and that neither had notice or knowledge whatever concerning the existence of said mortgage, except the constructive notice given them by

[Pippin v. Farmers' Warehouse Co.]

law on account of the proper recording of said mortgage, which was done before the defendants did any of said things in connection with said cotton, and the mortgage was recorded several months before said cotton was stored in said warehouse; that at the time of the storing of the cotton, and of the sale and shipment of the same, and ever since that time, and now, there is more than $500 due upon the debt secured by said mortgage; that at the time of the storage and shipment of said cotton the Farmers' Warehouse was engaged in the business of draying cotton from its warehouse to the depot at Charlton, and that this was true at the time of the shipment; that the charge for drayage was 5 cents per bale, and that it delivered said cotton to the depot on the order of Phillips' principals for 5 cents; that plaintiff never did consent to the storing, shipping, or carrying said cotton off of the land on which it was raised; that he never did consent to its storage, and that he knew nothing about the shipping, storage, or other disposition of the cotton until after it was made; and that the cotton was worth $46.49 when stored, shipped, and sold. The suit was by Pippin against the Farmers' Warehouse, a partnership, and E. R. Phillips, and claimed $50 damages against the defendant for the conversion of one bale of cotton, the property of the plaintiff.

M. Sollie, for appellant.—The complaint is joint and several and there is no variance between the allegation and the proof.—*Lovelace v. Miller,* 43 South. 734; *Milner v. Milner,* 101 Ala. 599; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 511. The defendants are each guilty of conversion.—*Hudmon Bros. v. DuBose,* 85 Ala. 446. Under the pleadings, it is immaterial whether the proof shows a joint or several conversion.—*Milner v. Milner, supra; R. & D. R. R. Co. v. Greenwood, supra.*

H. L. MARTIN, for appellee.—The joint conversion was alleged and must be proven.—81 Ala. 231. In no sense were the defendants joint tort feasors.—42 Ala. 322; *Hackney v. Perry,* 49 South. The buying of the cotton by Phillips was a conversion.—*Keith & Sons v. Hamm,* 89 Ala. 590; *Belser v. Young Bros.,* 103 Ala. 547. The warehouse had no connection with that tort. —135 Ala. 297.

MAYFIELD, J.—The action is by Pippin against the Farmers' Warehouse Company, a partnereship, and E. R. Phillips for damages for the conversion by them of a bale of cotton in December, 1905. The case was tried on an agreed statement of facts by the court without a jury. It is founded and prosecuted for the separate and district, but concurring and coexisting, wrongful acts of the defendants. The burden of the defendants' defense is that the evidence shows that they were separate tort-feasors, and therefore there is a variance between the allegations and proof, and plaintiff was not, on that account, entitled to recover. If the cotton was converted by the wrongful act of one (and the agreed statement of facts showed this) co-operating with the other defendant, who had notice of the plaintiff's rights, a joint action for the wrongful act might be maintained against both of them.—*Powell v. Thompson,* 80 Ala. 51.

The agreed statement of facts shows that before defendant Phillips procured from the defendant warehouse company a receipt for the bale of cotton, storing it with them, the plaintiff had a mortgage on the same, which mortgage was duly recorded, and had been, for several months before that time, in the probate court of Dale county, and everything had been done which was necessary for a proper recording of the same; and the defendant warehouse company had, as is admitted,

constructive notice given by law of the mortgage on said cotton to the plaintiff at the time it did the acts complained of, in aid of its codefendant, Phillips, in the shipment and conversion of said cotton. This was notice to the defendant warehouse company of the existence of said mortgage, and as binding on them as actual notice would have been.—*Hudmon v. DuBose,* 85 Ala. 448, 5 South. 162, 2 L. R. A. 475, and authorities there cited. The defendants were, under the evidence, jointly and severally liable for the conversion of the cotton, and judgment should have been rendered for the plaintiff.

The opinion in this case, foregoing, was prepared by Justice HARALSON. It is now adopted and announced as the opinion of the court.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.