# McAdams & Co. *v.* Smith, *et al.*

## *Trover and Conversion.*

(Decided June 10, 1913.   62 South. 1000.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where a plaintiff has the advantage and benefit of all his claims based upon a conversion, without increasing his burden, in counts to which demurrer is overruled, he cannot be said to be prejudiced by the sustaining of demurrer to other counts of a similar character.

2. *Estoppel; Instructions.*—Where the action is by a mortgagee of the tenant against the tenant and his landlord for the conversion of crops alleged to be covered by the mortgage, charges asserting that if the landlord told the mortgagee that he had rented land to the tenant for a third and fourth, and was not going to advance any supplies to make the crop, he was estopped from claiming any right in the crop except the third and fourth, and that if the landlord and the tenant stated to the mortgagee that the landlord had rented to the tenant land upon the third and fourth, and if this was done, before the mortgagee took the mortgage, and if he made advances to the tenant, the landlord was estopped to claim any lien for advances, and would have a lien only for the third and fourth, failing to hypothesize that the mortgagee relied upon or was influenced by the statements referred to, it being an essential element of estoppel in pais that the person invoking it had been influenced by and has relied on the representation or conduct of the person sought to be estopped, were properly refused.

3. *Landlord and Tenant; Lien; Renting on Shares; Estoppel; Representation.*—Since one's reliance upon another's promise as to his future conduct is not to be given the effect of an estoppel (however

liable the one making the promise may be for a breach of contract) a statement by a landlord to a mortgagee of his tenant's crop that he was not going to advance the tenant any supplies to make a crop, did not estop the landlord from a future acquisition of a lien on the crop.

4. *Same; Lien; Question for Jury.*—Where there was evidence tending to discredit the landlord's claim to a lien on the cotton, and tending to prove that some of the cotton removed and disposed of was subject to the mortgage, and tending to show that the landlord and tenant so co-operated in the conversion of the cotton subject to the mortgage as to render them jointly liable, it was error to give the affirmative charge in favor of one of the defendants, the action being by the mortgagee against the mortgaging tenant and his landlord for converting the cotton.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Trover and conversion by M. C. McAdams & Co. against M. V. Smith and Guff Smith. Judgment for defendants and plaintiffs appeal. Reversed and remanded.

Counts 3 and 4 claim $150 damages from defendant for that Guff Smith on the 14th day of January, 1911, executed and delivered to plaintiff a mortgage on his entire crop of cotton and corn raised by him in Lamar county during the year 1911, setting out the day and date of the recording of the same, and alleging that Guff Smith raised during that year a crop of cotton and corn, and that he and his codefendant took charge of two bales of said cotton, which was subject to plaintiff's mortgage, and sold it to one Windham, thereby placing said cotton beyond the reach of plaintiff's lien or title acquired by said mortgage.

Count 2 claims for the straight conversion of two bales of cotton, giving their numbers and weight, and describing them as the property of the plaintiff.

The following charges were refused to plaintiff:

"(2) If the jury believe from the evidence that M. V. Smith, the landlord, stated to plaintiffs in this case that he had rented Guff Smith land upon the third

[McAdams & Co. v. Smith, et al.]

and fourth and was not going to advance him any supplies to make a crop, then I charge you that M. V. Smith is estopped from claiming any right in said crop, except one-third of corn and one-fourth of the cotton.

"(3) If the jury believe from the evidence that M. V. and Guff Smith stated to plaintiffs in this case that M. V. Smith had rented to Guff Smith land upon the terms of a third and fourth, and this was before the plaintiff took the mortgage, and that plaintiff made advances to Guff Smith, M. V. Smith is estopped, if you believe this, from claiming any lien for advances made to Guff Smith, and the only lien he would have upon the crop would be one-third of the corn and one-fourth of the cotton, and the remainder of the crop would be subject to the plaintiff's mortgage, and you should return a verdict for the plaintiff for an amount not exceeding the amount due upon said mortgage, with interest."

There was a dispute in the evidence as to the statements made by M. V. Smith to plaintiffs relative to his renting to Guff Smith, and as to whether or not he was going to furnish him any supplies. There was also dispute as to the contract between M. V. and Guff Smith relative to the renting of the land; one contention being of rent and advances, and the other of plain rental contract for a third and fourth. As indicated in the complaint plaintiff claimed under a mortgage executed to them by Guff Smith.

WALTER NESMITH, for appellant. The court erred in sustaining demurrers to counts 3 and 4.—*Couch v. Davidson*, 109 Ala. 313. The landlord has estopped himself by his words and his acts, and the court erred in its rulings on evidence seeking to show the estoppel, and on the charges refused.—*Caldwell v. Smith*, 77 Ala.

165; Cokes Littleton, 352-a; Bigelow on Estoppel, 44; Hermann on Estop. 165; *Hill v. Huckaby,* 70 Ala. 183; *Ashurst v. Ashurst,* 119 Ala. 219; *Stevens v. Head,* 119 Ala. 511. The court erred in giving charge 9 for appellee.—*Hunt v. State,* 135 Ala. 1; *Snedicor v. Pope,* 143 Ala. 275. The court erred in giving the affirmative charge as to the tenant.—*Freeman v. Scurrock,* 27 Ala. 407; 96 Ala. 237; 90 Ala. 222; 54 Ala. 340.

J. C. MILNER, for appellee. No brief came to the Reporter.

WALKER, P. J.—The appellants could not have been prejudiced by the action of the court in sustaining the demurrers to the original third and fourth counts of the complaint on some of the grounds assigned; as, even if those counts are regarded as sufficiently showing a conversion by the defendants of the cotton in question, yet the appellants, under the second count of their complaint, the demurrer to which was overruled, had the benefit of the claims based upon the conversion as alleged in the third and fourth counts.

Written charges 2 and 3 requested by the plaintiffs were properly refused as each of them failed to hypothesize the existence of a state of facts giving rise to an estoppel upon the defendant M. V. Smith to assert a claim to the cotton in question in opposition to the claim of the plaintiffs to that cotton, based upon the mortgage of Guff Smith to them, in that in neither of those charges was it hypothesized that the plaintiffs relied upon or were influenced by the statement of M. V. Smith which was referred to. It is an essential element of an estoppel in pais that the person invoking it has been influenced by and has relied on the representation or conduct of the person sought to be estopped.—16 Cyc. 734.

[McAdams & Co. v. Smith, et al.]

In reference to any claim that may be made that M. V. Smith estopped himself to set up a claim to the cotton in question by a statement to the effect that he was not going to advance Guff Smith any supplies to make a crop, it is to be said that by such a promise or declaration of intention he did not estop himself from a future acquisition of a lien on the crop, as one's reliance upon another's promise as to his future conduct is not to be given the effect of an estoppel upon the latter, however liable he may be for a breach of contract.— *Weaver v. Bell,* 87 Ala. 385, 6 South. 298.

There was evidence tending to discredit the testimony offered in support of the claim to the cotton in question which was asserted by the defendant M. V. Smith, and also evidence tending to prove that some of the cotton removed and disposed of by him was subject to the recorded mortgage made by the defendant Guff Smith to the plaintiffs. There was also evidence tending to prove that the defendant Guff Smith so co-operated with his codefendant in the conversion of cotton, subject to the mortgage to the plaintiffs, as to render the two defendants jointly liable for the wrong. With the evidence in this condition, it was error to give the affirmative charge in favor of the defendant Guff Smith.— *Pippin v. Farmers' Warehouse Co.,* 167 Ala. 162, 51 South. 882; *Powell v. Thompson,* 80 Ala. 51. Because of that error, the judgment must be reversed.

Reversed and remanded.