(118 So. 389)
### SAUNDERS v. McDONOUGH et al.
### (6 Div. 86.)

Supreme Court of Alabama. Oct. 18, 1928.

David J. Davis, of Birmingham, and Everett C. Wilson, of Kansas City, Mo., for appellant.

Percy, Benners & Burr, of Birmingham, for appellees.

PER CURIAM. Under the previous decisions of this court, complainant has been adjudicated the equitable owner of one-fifth interest in the 9,970 shares of stock of the Self Fluxing Ore & Iron Company, issued to his coadventurers, and that he was entitled to an accounting from them for the highest value thereof, since the date of its conversion; it appearing that they had sold and disposed of the same. See the former opinions: Saunders v. McDonough, 191 Ala. 119, 67 So. 591; McDonough v. Saunders, 201 Ala. 321, 78 So. 160, 11 A. L. R. 419; Saunders v. McDonough, 210 Ala. 208, 97 So. 622.

▪ The sale of said stock occurred during the pendency of this former litigation. Complainant's coadventurers held his interest in trust and were accountable as trustees in invitum. Authorities supra; Thompson v. Thompson, 107 Ala. 163, 18 So. 247; Botsford v. Van Riper, 33 Nev. 156, 110 P. 705.

In the present bill complainant's coadventurers are made parties defendant with (what may be termed for convenience and brevity) the "Coverdale interests," the purchasers of said stock, and it is alleged that such purchase was made with knowledge of complainant's interest and the pending assertion of his rights, and for the purpose of preventing complainant from obtaining his one-fifth of said shares of stock. The purchasers are charged with intermeddling with complainant's title and right to said stock, and converting the same to their own use, and thereby knowingly aided and assisted com-

plainant's coadventurers in wrongfully misapplying the same to complainant's loss.

The bill avers that complainant's coadventurers, who were parties defendant in the original cause, are unable financially to respond to the accounting decree to which he is entitled, but that these purchasers are financially responsible. The present bill is filed upon the theory that one who purchases property of a trustee, with notice of the trust, shall be charged with the same trust in respect to the property as the trustee from whom he purchased, and that this rule has application, not only to express trusts, but to constructive trusts or those that arise from fraud, as well. 1 Perry on Trusts, § 217; 3 Pomeroy, Eq. Jur. (4th Ed.) § 1048.

▪ In case of such wrongful conversion by a trustee as set out in the bill, the cestui que trust may have an accounting in equity against such trustee alone, or may join also for such accounting the purchaser in bad faith and with notice as alleged. There exists a joint and several liability. Pippin v. Farmers' Warehouse Co., 167 Ala. 162, 51 So. 882; Leach v. Gray, 201 Ala. 47, 77 So. 341, 7 A. L. R. 890; § 10427, Code of 1923; § 6090, Code of 1907; Vance v. Kirk, 29 W. Va. 344, 1 S. E. 717.

▪ These general rules of law are not controverted by counsel for appellees, but they insist that the ruling of the chancellor in sustaining the demurrer to the bill may well be rested upon either of two theories. It is argued, in the first place, that this court has held (Saunders v. McDonough, 210 Ala. 208, 97 So. 622) that the organization of the Self Fluxing Ore & Iron Company was but a means to an end to effectuate the sale of the lands, and that complainant's coadventurers had the right to effectuate such sale and stipulate the price, and that therefore the purchasers could not be held accountable in making the purchase from those so authorized to act in the premises.

▪ The argument, however, overlooks the statement of the opinion to the effect that such sale could not be impeached, "except for bad faith or its equivalent." This is what complainant endeavors to do in the present bill—impeach this sale for bad faith. Appellees insist that the averments tending to show bad faith are insufficient, as mere conclusions of the pleader. But the demurrer does not take that point, and that question is therefore not here for consideration. We are persuaded the bill as framed, and as here to be considered, sufficiently impeaches this sale "for bad faith or its equivalent," and this argument, therefore, is untenable.

In the second place, it is urged that complainant had his election to hold his coadventurers for an accounting as for wrongful disposition of his interest, or to follow the trust property into the hands of the purchaser, but that he cannot do both, and that by prosecut-

ing his suit for an accounting against his co-adventurer, he cannot afterwards claim the property itself, citing Shorter v. Frazer, 64 Ala. 74; Foley v. Leva, 101 Ala. 395, 13 So. 747; 2 Perry on Trusts (5th Ed.) § 828; 39 Cyc. pp. 532-535. But the principle of these authorities is not here applicable.

■ At the time of filing the original suit by complainant against his coadventurer, the matters herein complained of had not transpired. There had been no sale to the "Coverdale interests" as here alleged, but the sale took place during the pendency of the original cause. Complainant was entitled and obtained a decree for an accounting against his coadventurers for the highest value of the stock from date of its conversion, and in the present ·bill he does not seek to follow the property, as contended by counsel for appellee, but seeks specifically the enforcement of the accounting decree against each defendant to the bill, and further prays that these purchasers be declared to hold the property as trustees in invitum and that "each of the defendants jointly and severally be required to pay, with interest thereon, to this complainant, the full amount of the highest value of said one-fifth of said stock with interest as in said decree provided." The relief sought in the present bill is therefore entirely consistent and in harmony with the relief granted to complainant in the original cause.

It is clear that the doctrine of a binding election, as between two inconsistent remedies, is without application to the averments of the bill here considered. 20 Corpus Juris, pp. 19, 20; Todd v. Interstate Mtg. Co., 196 Ala. 169, 71 So. 661; 9 R. C. L. pp. 957-962.

■ We have considered the objections to` the bill here argued, and conclude they are not well taken, and that the decree sustaining the demurrer and dismissing the bill is erroneous. It will be reversed, and the cause remanded, and reinstated upon the docket.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.