20 So.2d 711

**McCLINTOCK v. McEACHIN et al.**

**4 Div. 357.**

Supreme Court of Alabama.

Feb. 1, 1945.

H. R. McClintock, of Dothan, for appellant.

J. T. Johnson, of Oneonta, and H. K. Martin, of Dothan, for appellees.

STAKELY, Justice.

This is an appeal from a decree sustaining the demurrer to a bill in equity. The bill was filed by H. R. McClintock (appellant) to set aside two conveyances of real estate lying in Houston County, Alabama, to C. C. McEachin (one of appellees). Each deed sought to convey an undivided one-seventh interest in the same lands. One deed was made by Elvie Forrester Copeland (one of the appellees) and the other was made by Ethel Forrester Cherry (one of the appellees). The grantors acquired their respective interests in the property by inheritance on November 7, 1943. Both deeds were executed on December 27, 1943, and recorded in the Pro-

**414**

bate Office of Houston County on December 28, 1943.

On October 25, 1933, John R. Vann, as Receiver of the Houston National Bank, obtained judgments in the District Court of the United States for the Southern Division of the Middle District of Alabama, one judgment being against Elvie Forrester Copeland and the other against Ethel Forrester Cherry. Each judgment was for $3441.33 and costs of $24.76. Certificates of both judgments were recorded in the Probate Office of Houston County on January 31, 1934. Complainant is now the owner of both judgments. The bill alleges that the amount of each judgment, with interest and costs, is due and unpaid and that proceedings are pending to revive the judgments.

C. C. McEachin, the grantee in the deeds, is the brother-in-law of both grantors. Each deed recites a consideration of $3000 paid by C. C. McEachin, receipt acknowledged. The bill alleges in substance that the consideration expressed in each deed is fictitious and simulated and that there was no consideration for either deed or that at best the consideration in each case was nominal. Each deed is alleged in substance to be void as against complainant, as a creditor of the grantor when the particular deed was executed.

The demurrer attacks the bill on the theory (1) that due to the dormancy of the judgments and the expiration, before the deeds were executed, of the lien of the judgments, the complainant is without right to set aside the deeds and (2) that the bill is multifarious. The first theory is not good, the second is good.

We think there is a misapprehension as to the position of the complainant. His judgments became dormant and presumptively satisfied on October 25, 1943, § 583, Title 7, Code of 1940. The liens created by recordation of the certificates of judgment expired on the same date, § 585, Title 7, Code of 1940. The deeds were executed thereafter. But the complainant's rights are rested neither on the claim that he is a judgment creditor nor on any lien that may have been connected with the judgments or recordation of certificates thereof. Since his judgments are dormant, he is in the position of a simple creditor without a lien. Perkins, Livingston & Post v. Brierfield Iron & Coal Co., 77 Ala. 403; Wooten et al. v. Steele et al., 109 Ala. 563, 19 So. 972, 55 Am.St.

Rep. 947. As a simple creditor without a lien he can maintain his suit to set aside the deeds under § 897, Title 7, Code of 1940. The presumption of payment is no bar to the action. The bill alleges that the amount of the judgments, etc. are due and unpaid. In a similar situation this court said:

"It is also insisted as to the bill in any aspect that the claim or right is barred by limitations apparent on the face of it, and that after ten years the presumption is that the judgment has been paid.

"There is no conclusive presumption of payment short of twenty years. Patterson v. Weaver, 216 Ala. 686, 144 So. 301. Within that period a suit on the judgment may be either maintained (Section 8942, Code [Code 1940, Tit. 7, § 19]), or the judgment may be revived. Sections 7872, [Tit. 7, § 583] 7873, Code. The statutory presumption of payment after ten years (section 7871, Code [Code 1940, Tit. 7, § 582) casts the burden on plaintiff of proving that it is not satisfied. Second National Bank v. Allgood, 234 Ala. 654, 176 So. 363. The bill here alleges that it is unsatisfied to the extent of $10,000.00 principal.

"A creditor to maintain this suit in either aspect need not be a judgment creditor,—sections 7342, 7343, Code [Code 1940, Tit. 7, §§ 897, 898], * * *." Hays v. McCarty, 239 Ala. 400, 195 So. 241, 244.

Nor are the principles set forth in Richards et al. v. Steiner Bros., 166 Ala. 353, 52 So. 200, applicable here. Under the allegations of the bill C. C. McEachin is not entitled to claim as a bona fide purchaser, with rights superior to and free of the rights of complainant as an existing creditor. Under the allegations of the bill the deeds to him were without consideration, voluntary and constructively fraudulent. Moore v. Alton, 192 Ala. 261, 68 So. 326; Warley et al. v. Patterson, 237 Ala. 126, 185 So. 891. He cannot stand, under these allegations, in the position of a bona fide purchaser for value, as was the purchaser in Richards et al. v. Steiner Bros., supra. Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178; Craft v. Russell, 67 Ala. 9; Sherrod v. Hollywood Holding Corporation, 233 Ala. 557, 173 So. 33. Accordingly we conclude that the allegations of the bill are sufficient to warrant relief.

However, we consider the bill multifarious. The judgments are separate and

independent liabilities against separate respondents. They are in no wise connected except that they are owned by one person. Any defense that one respondent might have to the judgment against herself would be personal to that particular respondent and of no interest or value to the other respondent. Elvie Forrester Copeland and Ethel Forrester Cherry each owned a separate interest in the property. There is nothing to show that either conveyance had any connection with the other. Each was a separate transaction and so far as the allegations of the bill are concerned, will stand or fall on its own facts and circumstances. We do not think that the issues of the case should be confused or perhaps prejudiced by combining in one suit separate and distinct causes of action wherein one respondent, interested in one cause of action, is unconcerned with the facts of the other. Birmingham Bar Ass'n v. Phillips & Marsh et al., 239 Ala. 650, 196 So. 725; Harrison et al. v. Stuart, 219 Ala. 405, 122 So. 623; Alabama Butane Gas Co. et al. v. Tarrant Land Co., 244 Ala. 638, 15 So.2d 105; Ford v. Borders et al., 200 Ala. 70, 75 So. 398.

The court acted correctly in sustaining the demurrer to the bill. Since the time allowed for amendment has elapsed, the court will allow such further time as it may deem proper.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.