139 So.2d 608

**BLUE HILLS LAND COMPANY, Inc., et al.**

v.

**Frank H. LEE et al.**

**6 Div. 766.**

Supreme Court of Alabama.

March 29, 1962.

Gordon & Cleveland, Birmingham, for appellants.

Weir, Shannon & Conerly, Birmingham, for appellees.

SIMPSON, Justice.

Appeal by complainants from an adverse decree on demurrer.

This is a derivative stockholders bill in equity whereby appellant Grover L. Miller, a minority stockholder of Blue Hills Land Co., a corporation, seeks to have set aside a conveyance made in the name of the corporation by appellees Lee and Harrell, officers, directors and stockholders of the corporation whereby the corporation conveyed, without consideration, all its assets to Lee Development and Construction Co., Inc. The bill shows that Lee and Harrell owned Lee Development Corporation and that they were also president and secretary-treasurer, respectively, of Blue Hills Land Co.; that they owned jointly 51% of the stock of Blue Hills and appellant Miller owned 49% of said stock. The property involved is a land subdivision.

There are some thirty-three other respondents, the bill alleging that they either had mortgages on the land or were purchasers of certain lots in the subdivision and that they were made defendants to the bill on the theory that if the deed from Blue Hills to Lee Development was void, they owned no title to the lots conveyed to them respectively by Lee Development. The legal principle advanced is manifestly of doubtful propriety.

The appellants, to sustain the general equity of the bill, rely upon § 91, Title 10 of the Code, which provides:

> "The entire property of a private corporation may be sold, exchanged, or bartered for other property, or otherwise disposed of when authorized by a vote of two-thirds of the board of directors and subsequently ratified by a vote of the holders of four-fifths in value of the capital stock of such corporation at a stockholders meeting called to consider the matter."

The bill alleges that this provision of the statute was not complied with, that the sale by Blue Hills to Lee Development was without notice to appellant (complainant) Miller, who owned 49% of the stock of Blue Hills, and therefore this derivative stockholder suit stated equity.

All the respondents interposed one general demurrer to the bill as a whole but stated that each demurred "separately and severally" to the bill. The court rendered a single decree, without opinion, sustaining the demurrer of respondents—hence this appeal.

The appellants contend that the demurrer was joint and should have been overruled unless it was good as to each demurrant.

Appellees argue that since the demurrer was "separately and severally", it is not a joint demurrer and the rule does not apply, citing Lauderdale Board of Education v. Alexander, 269 Ala. 79, 110 So.2d 911. That case holds that where several respondents demur separately and severally, the court can render (and did render) a decree sustaining demurrer as to some of the respondents and overruling the demurrer as to others. In the instant case, however, the court did not render separate decrees, but rendered one decree sustaining the demurrer of all the respondents to the bill. See also Brewbaker v. City of Montgomery, 270 Ala. 460(2), 119 So.2d 887; Jones, Alabama Practice and Forms, Vol. 3, §§ 9780, 9785.

But appellee argues that the ground of demurrer alleging that the bill was multifarious in that there was a misjoinder of parties respondent was good and that the lower court must be sustained in its ruling because a general demurrer was proper to reach this defect. If the bill is multifarious, a demurrer attacking it on this ground is properly addressed to the bill as a whole. Graham v. Powell, 250 Ala. 500, 35 So.2d 175; Cook v. Cook, 248 Ala. 206, 27 So.2d 255.

On a careful consideration we have concluded that the bill is multifarious and the decree of the trial court sustaining the demurrer must be affirmed. The bill seeks relief against several respondents based on distinct, independent transactions, wholly unconnected by proper allegations in the bill. Relief is sought against the thirty-three other respondents on the ground of the alleged fraud of Lee and Harrell and Lee Development Co. practiced on the appellants, but no fraud is charged against these other respondents, nor is there any allegation that any of them had any notice of said misdealings. Construing the bill most strongly against complainants, for aught appearing the respondents Sunnybrook Land Corporation and National Homes Acceptance Corporation acquired their interest as mortgagees without notice of the fraud of the above three named respondents; nor does it appear from the bill that these two last named corporations acquired their interest from Lee Development Co. and for aught appearing they could have acquired such interest in an independent and separate transaction. The same rationale applies with equal force to the other respondents alleged to be purchasers of some interest in the property from Lee Development Co. The authorities support the contention of appellees that the bill is multifarious in that all the respondents named in the bill may not be joined in a single suit simply by alleging fraud on the part of the original grantees of the property involved and subsequent conveyance to some of the respondents.

An analogous case and sustentive of this conclusion is Stamey v. Fortner, 230 Ala. 204, 205, 160 So. 116, where the complainant filed a single bill to set aside three separate conveyances made by a single grantor to three separate grantees. In holding the bill to be multifarious the court stated:

"In the case made by the bill up to its last amendment, there was an attempt to unite in one and the same proceedings three several and wholly disconnected causes of action against three different parties, and as to which there was no sort of community of interest among the defendants. The bill up to its last amendment attempted to adjudicate in one action the title to three separate tracts of land conveyed by a common grantor to three different parties, each party taking by a separate

'deed a separate parcel of land, and there is no averment in the bill to show any connection between the parties in the acquisition of the different parcels. There is nothing in the bill to show any concert of action between the defendants in procuring the execution of the conveyances. The bill, certainly up to the time of its last amendment, was multifarious, and to say nothing of other possible defects, the demurrer taking the point of multifariousness was properly sustained."

See also McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711.

The same defects seem to inhere in the instant bill. The demurrer, therefore, for multifariousness was correctly sustained.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.