267 So.2d 438

John H. TUCKER et al.

v.

TRUSSVILLE CONVALESCENT HOME, INC., a corporation et al.

6 Div. 911.

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Oct. 26, 1972.

Hutson & Elrod, Decatur, for appellants.

G. W. Nicholson, Birmingham, for appellees Arthur Deason, Bryson F. Hill, Trussville Nursing Home, Inc., a Corp., Mid-South Associates.

Finis E. St. John, III, Cullman, for appellees Cecil Walker, Ralph Walker, and their partnerships.

**PER CURIAM.**

This appeal is from a decree of the Circuit Court of Jefferson County, in Equity, dated December 22, 1970, dismissing appellants' bill of complaint after it had been amended some five times by appellants. In fact, after the aforementioned order of dismissal, there was an application for rehearing, which was also amended by appellants. This rehearing application, as amended, was denied on April 16, 1971, and, after several extensions of time for filing the transcript were granted, this appeal from the final decree was submitted to this Court on May 3, 1972.

It would serve no useful purpose to set out in detail the numerous pleadings in this case, but since the case was dismissed on such pleadings, we will refer to them for a better comprehension of the issues involved.

First, the original bill of complaint was filed by John H. Tucker, one of the appellants herein, on April 7, 1970, seeking to establish a mechanic's lien under Tit. 33, § 37 et seq., Code of Alabama 1940. Exhibit "A" which is attached to and made a part of the original bill of complaint is the statement of claim of "LABORERS' OR MATERIALMEN'S LIEN." This exhibit shows on its face two important things, i. e., it was signed by John H. Tucker on October 7, 1969, and states the lien is claimed to secure an indebtedness of $100,000.00, with interest, from the date of completion of a nursing home being now under construction on the property described therein, and, on the same day and in the same in-

strument, this "lien" was assigned to Hundred Oaks, Inc., by the following language:

"I, John H. Tucker, the person claiming the lien in the foregoing statement of lien, and being the owner of said lien, do hereby transfer and assign all of my right, title and interest in and to said lien and to the amount due under said lien from the said Trussville Convalescent Homes, Inc., and C. D. Walker to Hundred Oaks, Inc., a nonprofit corporation, organized and existing under the laws of the State of Alabama, P. O. Box 352, Decatur, Alabama, and hereby authorize and direct that all amounts due to me under said lien be paid to the said Hundred Oaks, Inc., a corporation."

The statement and assignment was filed in the Office of the Judge of Probate Court of Jefferson County, Alabama, on October 8, 1969, or one day after the signatures were affixed thereto.

Demurrers as filed by the numerous respondents, some sixteen, are listed in the original bill of complaint, were sustained by the trial court on June 9, 1970, with complainant given thirty days in which to amend.

The first amendment by complainant, and appellant herein, was filed on July 9, 1970. This amendment adds Hundred Oaks, Inc. as a party complainant, and states, "said corporation sues for the use and benefit of JOHN H. TUCKER * * *." And, although paragraph four of the original bill of complaint hints at a "joint venture" between John H. Tucker and the Walker Brothers, hereinafter referred to as simply Walkers, this first amendment in great detail sets out this alleged "joint venture." Among other changes, this amendment changed the names of and added additional respondents, one of which was City Federal Savings and Loan Association of Birmingham. In addition, it also amends the prayer for relief by seeking an accounting under the direction of the Court.

Demurrers were filed by the various respondents, and pleas to the bill of complaint, as amended, were filed by the Walkers on August 6, 1970. Said pleas, being three in number, state that John H. Tucker was not at the time of making the contract as alleged in the bill of complaint a licensed contractor under Tit. 46, §§ 65–82, Code 1940, and, therefore, the contract is void and contrary to public policy, and, two, that the alleged lien shows on its face that it was assigned to Hundred Oaks, Inc., and Hundred Oaks, Inc. was not made a party to the suit until more than six months had elapsed from the maturity of the entire indebtedness allegedly secured thereby. Plea III is substantially the same as Plea II.

Prior to September 11, 1970, the day set by the trial court to hear and consider the demurrers to the bill of complaint, as amended, a second amendment to the bill of complaint was filed by complainants on August 31, 1970. This amendment attempts to correct certain allegations in the various paragraphs of the bill of complaint.

The respondents again filed demurrers, and City Federal Savings and Loan Association, one of the respondents, filed a motion to strike on September 11, 1970, and assigned the following four grounds in support thereof:

"1. That the original Bill of Complaint heretofore filed in this cause contained thirteen (13) pages of averments and allegations.

"2. That that Bill of Complaint was amended on July 9, 1970, by the filing of an amendment containing twenty-nine (29) pages, such amendment placing the Bill of Complaint in a state of utter confusion and rendering it *vage* (sic), indefinite, uncertain and unintelligible.

"3. That on September 10, 1970, Complainant filed a second amendment again revising the Bill and placing its allegations in even further state of confusion resulting in those allegations being

even more vague, indefinite and uncertain.

"4. Respondent, as a result of the two amendments to the Bill, is unable to ascertain from the Bill and those amendments with clearness and certainty the nature of the case it is called upon to defend and until and unless the Complainants are required to restate and refile this Bill, Respondent will be unable to *demurrer* (sic) to that Bill as twice amended."

Again, prior to hearing the demurrers of the various respondents, and the motion to strike filed by the respondent City Federal Savings and Loan Association, as hereinabove set out, the complainants filed a motion and application for leave to file a recast bill of complaint on September 28, 1970, which was granted by the trial court on September 29, 1970. The restated bill of complaint, which covers twenty transcript pages, alleges in great detail prior transactions and another separate and distinct contract between Tucker and the Walkers, which is not a subject matter of this suit, in an apparent attempt to bolster the "joint venture" theory.

Demurrers were refiled by the respondents in open court on September 29, 1970. Also, on the same day the trial court issued the following order:

"This cause was presented to this Court on this date for oral argument and rulings on all outstanding demurrers, pleas and motions.

"Accordingly, It is CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:

"1. The Complainant's motion and application for leave to file a Recast Bill of Complaint is granted.

"2. Respondents' demurrers and pleas are reassigned to the recent bill.

"3. All Respondents' demurrers are overruled.

"4. Pleas II and III filed by C. D. Walker, Cecil Walker and Ralph Walker, Cecil Walker and Ralph Walker, partners, doing business under the style and firm name of Walker Brothers; Walker Brothers, a Partnership composed of Cecil Walker and Ralph Walker; and Walker Brothers Building Supply Company, a corporation, are found to be sufficient defenses to the allegations of the Bill of Complaint as recast claiming a lien on the property described therein.

"5. The facts alleged in said pleas are stipulated by the parties to be true.

"6. The lien recorded by John H. Tucker on October 8, 1969, at Real Volume 563 at Page 389 in the office of the Probate Judge of Jefferson County, Alabama, on the property described in the Bill of Complaint, as recast, should be and hereby is cancelled and held for naught and a copy of this Order shall be recorded with that Judge of Probate as notice thereof.

"7. The lien claimed by Complainants on the property involved as a joint venture with Walker Brothers is disallowed.

"8. The Respondent, City Federal Savings and Loan Association is dismissed as a Party Respondent.

"Complainants are hereby given thirty (30) days to amend their Bill of Complaint."

After an appropriate and timely motion was filed by complainants, which was supported by an affidavit by the solicitor for complainants, and in essence states that he did not stipulate that Walkers' pleas were true, the trial court set the matter down to be heard on November 9, 1970, at which time testimony was taken down by a court reporter, which was within the trial court's discretion under Tit. 13, § 262, Code 1940. However, as is pointed out in appellants' brief, in this hearing the matters recorded were "colloquies of court and counsel." Colloquies of court and counsel or not, it

was the basis of the trial court's order of November 9, 1970, which held as follows:

"Accordingly, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows:

"ONE: That the 'Order' of the Court issued on September 29, 1970 should be, and it hereby is, stricken and held for naught.

"TWO: In lieu of the aforementioned 'Order' the Court does now rule as follows and, accordingly, it is further CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows:

"1. The Complainant's motion and application for leave to file a recast Bill of Complaint heretofore granted is hereby reaffirmed and the said recast Bill of Complaint as filed is accepted.

"2. Respondents' demurrers and pleas are reassigned to the recast Bill.

"3. All Respondents' demurrers are overruled.

"4. Pleas II and III filed by C. D. Walker, Cecil Walker and Ralph Walker, Cecil Walker and Ralph Walker, partners, doing business under the style and firm name of Walker Brothers; Walker Brothers, a Partnership composed of Cecil Walker and Ralph Walker; and Walker Brothers Building Supply Company, a corporation, are found to be sufficient defenses to the allegations of the Bill of Complaint as recast claiming a lien on the property described therein, if proven.

"5. Respondents are hereby given ten (10) days in which to file responsive pleadings to the recast Bill of Complaint.

"6. This cause is set for oral hearing on the merits on Tuesday, December 8, 1970 at 9:00 a. m."

The hearing on December 8, 1970 was again recorded and is a part of the record herein. It is not contended by appellants in their brief that this hearing resulted in only "colloquies of court and counsel" for

it is admitted that a stipulation was made in open court that neither of the complainants, nor the Walkers were licensed general contractors. The trial judge in open court announced that he was denying the motion to dismiss as filed by the respondent, City Federal Savings & Loan Association, but added that:

"Respondent, City Federal Savings & Loan Association, is found not to be a necessary and proper party in this case. The cost of its inclusion and activities in this case will be taxed to whoever the general cost is taxed against. The Court will make a determination of what the attorney's fees are and what the incidental costs amount to, which may relieve your minds of something, Mr. Wirwahn, and it may trouble your mind to some extent, Mr. Elrod, but in Equity and good conscience I think it ought to be done."

And the trial judge included this announcement concerning this item of cost in his order dated December 8, 1970. However, the record is devoid of any order of the trial court on this point. The last and final amendment was due to the untimely death of one of the individual respondents and the matter was continued from December 8, 1970 to December 22, 1970. There was no recorded testimony or argument on the pleadings as presented to the Court on December 22, 1970. The decree from which this appeal is taken states:

"This cause came on to be heard upon the separate and several demurrers of the separate and several demurring Respondents, after previous hearings upon various phases of the pleadings in this cause. The said demurrers are addressed to the re-cast Bill of Complaint as last amended. The Court finds, among other defects in the said re-cast Bill of Complaint the following fatal defects:

"1. The said re-cast bill as last amended is multifarious.

"2. The said re-cast bill as last amended is filed by building contrac-

tors who are, admittedly, not licensed to do business, and, hence, by virtue of the laws and statutes of the State of Alabama, not proper parties Complainant in the type of action expressed in the said pleading.

"The Court finds the said demurrers to be well taken. Accordingly, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows:

"ONE: The separate and several demurrers of the separate and several demurring Respondents are, separately and severally, sustained.

"TWO: The cause is dismissed, without prejudice to Complainants to bring proper actions based upon some, or all of the facts set forth in the amended recast Bill of Complaint, on the Law-side of this Court.

"THREE: The lien or notice of lien filed in the office of the Probate Judge of Jefferson County, Alabama by Complainants against one or more Respondents in this cause (the said property being fully described in the pleadings) should be, and it hereby is declared invalid and set aside and held for naught and said property is absolved from any lien arising from the recordation of the said lien or notice of lien in the office of the Probate Judge of Jefferson County, Alabama.

"FOUR: The costs of this action are taxed to Complainants, for which let execution issue.

"DONE and ORDERED this the 22nd day of December, 1970.

> Wm. C. Barber
> CIRCUIT JUDGE IN
> EQUITY SITTING

Filed in Open Court this 22nd day of Dec., 1970"

The issues presented by the appellants' assignments of error are:

I. Whether the trial court erred in finding that the lien or notice of lien as filed in the office of the Probate Judge of Jefferson County, Alabama, was invalid and set aside and held for naught. (Assignments 1, 2, 3, 4)

II. Whether the trial court erred in finding that the bill of complaint, as amended, was multifarious. (Assignment 5)

III. Whether the trial court erred in finding that the complainants were not proper parties as expressed in the pleadings, since they are not licensed contractors. (Assignments 6, 7, 8)

IV. Whether the trial court erred in sustaining the demurrers of the various respondents. (Assignments 9, 10, 11, 12)

V. Whether the trial court erred in dismissing the bill of complaint without allowing the complainants to amend further. (Assignments 13, 14)

Assignments of error 15 and 16 are not argued in appellants' brief. They are deemed waived. Supreme Court Rule 9.

After a careful consideration of the assignments of error, we are of the opinion the trial court committed no error in its ruling on the pleadings in the decree of December 22, 1970, except as to granting of affirmative relief when the matter was submitted on demurrers, as will appear hereinafter.

■ The first issue concerns the question of whether or not the lien was properly perfected. Clearly it was not. A materialman's or mechanic's lien is not perfected until every requirement of the statute creating the lien has been complied with, and the enforcement of a mechanic's lien depends on the compliance with the technical requirements of the statute. Tit. 33, § 37 et seq., Code 1940. Two glaring defects in this respect disclosed by the bill are that proper notices were not given, and the suit was not timely filed in the name of the real party in interest. Mazel v. Bain, 272 Ala. 640, 133 So.2d 44; Lily Flagg Building Supply Co. v. J. M. Medlin & Co., 285

Ala. 402, 232 So.2d 643. Also, failure to allege in the bill that the materials furnished were actually used for the improvements on the land renders the complaint demurrable, but although this may be corrected by amendment, it was not. Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So. 2d 730; Nelson Weaver Mortgage Co. v. Dover Elevator Co., 283 Ala. 324, 216 So. 2d 716.

 The lien was filed by Tucker on October 8, 1969, although he assigned all right, title and interest in same the day before. On July 9, 1970, by amendment to the original bill, the complainant Tucker attempted to cure the obvious mistake. A mechanic's lien may be amended to renew a defective or insufficient statement of claim during the six months allowed by statute, but an amendment after the time for filing the claim of lien has run is not effective, and, thus, is barred by the limitation contained in Tit. 33, § 42, Code 1940. King v. Woodlawn Lumber Co., 201 Ala. 539, 78 So. 893; Guaranty Pest Control, Inc. v. Commercial Investment and Development Corporation, 288 Ala. 604, 264 So. 2d 163.

Also, it should be noted that the right to amend the bill is not absolute, and where the amendment makes a new case, or radically departs from the cause of action stated in the bill, or works an entire change of parties, it is not allowable. Title 7, Equity Rule 28, Code 1940. Benton v. Benton, 214 Ala. 321, 107 So. 827. In amending the original bill to add Hundred Oaks, Inc. as the "use" complainant, appellants cite Southern Railway Company v. Northwestern Fruit Exchange, 210 Ala. 519, 98 So. 382, as authority for same. This case is clearly distinguishable because the original party complainant remained as the real party in interest, whereas, here, there was a complete assignment of such interest.

 It was stipulated that neither Tucker nor Hundred Oaks, Inc. were licensed contractors within the meaning of Tit. 46, §§ 65–82, Code 1940. We have held that a

contract for the construction of a building worth more than $20,000.00, by an unlicensed contractor, and an implied contract to pay for materials and services furnished by such contractor is contrary to public policy and void, and the contractor cannot recover for his services. Cooper v. Johnston, 283 Ala. 565, 219 So.2d 392. However, although the record states the stipulation was related to pleas and demurrers of the respondents, the decree of the trial court clearly states it was submitted only upon the demurrers of respondents. Appellants contend that the trial court erred in declaring invalid and setting aside the lien or notice of lien which was filed in the office of the Probate Judge of Jefferson County, Alabama. We agree.

It is our judgment the trial court erred in this respect, for to grant this affirmative relief is not within the scope of the pleadings. Sturdivant v. Sturdivant, 276 Ala. 390, 162 So.2d 484.

 Appellants contend and allege that Tucker and the Walkers were coadventurers. Assuming appellants are correct, the bill is still fatally defective in not alleging that the Walker respondents were financially irresponsible. If the coadventurer is financially responsible, then it becomes merely an action of accounting between the parties, Pfingstl v. Solomon, 240 Ala. 58, 197 So. 12. To warrant bringing in third parties in the action for accounting, the complainant must allege that the coadventurer is financially irresponsible. Saunders v. McDonough, 218 Ala. 207, 118 So. 389.

 It is contended by appellants that the trial judge erred in sustaining the respondents' demurrers. In view of the defects in the bill of complaint as already mentioned herein, this contention is untenable. The bill of complaint is indefinite, uncertain and confusing. Also, on a careful consideration of the bill, we cannot say the trial court erred in decreeing it to be multifarious. Title 7, Equity Rule 15, Code 1940. Blue Hills Land Company v.

Lee, 273 Ala. 295, 139 So.2d 608; McClintock v. McEachin, 246 Ala. 412, 20 So. 2d 711.

It is also contended by appellants that in dismissing the bill of complaint without allowing them to amend further, the Walkers were granted relief for which they had not prayed. Further, appellants argue that the trial court could have granted the complainants declaratory relief. It is questionable whether this bill of complaint could have been amended to state a cause of action for equitable relief, but in any event it was not an abuse of discretion for the trial judge to dismiss this bill after the many amendments thereto. It is true that ordinarily a declaration of rights will not be dismissed on demurrer, but if a bill does not in any respect show an equitable right, it is not error to dismiss it ex mero motu, without provisions for amendment. Caudle v. Cotton, 234 Ala. 126, 173 So. 847, and cases cited.

In its decree, the trial court dismissed the bill, but "without prejudice to Complainants to bring proper actions based upon some, or all of the facts set forth in the amended re-cast Bill of Complaint, on the Law-side of this Court." It is doubtful under the facts as alleged in the pleadings herein, if the complainants can maintain an action at law, but we pretermit consideration on this point, for this question is not presently before us.

For the reason stated herein, the trial court did not err in sustaining the demurrers to the bill of complaint, as amended.

Let this cause be affirmed in part, reversed and remanded in part with directions to the trial court to reframe its final decree by deleting paragraph "THREE" thereof.

The foregoing opinion was prepared by Ferrill D. McRae, Circuit Judge, specially assigned to the Supreme Court by order of the Chief Justice, and was adopted by this Court as its opinion.

Affirmed in part, reversed and remanded in part with directions.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

SOMERVILLE, J., recuses himself.